PEOPLE v CARPENTER

1. SEARCHES AND SEIZURES—PROBABLE CAUSE—POLICE—REASONABLE-
   NESS.

   A court should consider only the facts, circumstances, and infor-
   mation known to the police officer at the time of an arrest and
   search and seizure when determining whether probable cause
   existed so as to render the search reasonable.

2. SEARCHES AND SEIZURES—AUTOMOBILES—DANGEROUS WEAPONS—
   RIFLES—STATUTES.

   The search of an automobile and seizure of a rifle and a pistol
   therefrom, initiated after a policeman observed a rifle case in
   the car in plain view, was reasonable where on the date that
   the search and seizure occurred a rifle was considered a "dan-
   gerous weapon" within the meaning of a statute prohibiting
   carrying a dangerous weapon in a vehicle, even though the
   Supreme Court has since ruled that a rifle is not a "dangerous
   weapon" as that term is used in the statute (MCLA 750.227;
   MSA 28.424).

3. WITNESSES—CRIMINAL LAW—FAILURE TO PRODUCE—MOTION FOR
   NEW TRIAL—APPEAL AND ERROR.

   A defendant desiring a new trial because of the prosecutor's
   failure to indorse and produce various witnesses must, before
   filing his appeal, move the trial court for a new trial.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—INSTRUCTIONS TO JURY—
   CURATIVE INSTRUCTIONS—WITNESSES—BURDEN OF PRODUCING.

   Prejudicial remarks of a prosecutor, who suggested that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 41–45.

[2] 68 Am Jur 2d, Searches and Seizures §§ 16, 23, 45.

   Search and seizure: observation of objects in "plain view"—Su-
   preme Court cases. 29 L Ed 2d 1067.

   Validity, under federal Constitution, of warrantless search of auto-
   mobile—Supreme Court cases. 26 L Ed 2d 893.

[3] 4 Am Jur 2d, Appeal and Error § 306.

[4] 75 Am Jur 2d, Trial §§ 166, 167, 708.

[5] 75 Am Jur 2d, Trial §§ 577–579, 906, 909.

defendant could have produced a certain witness if he thought the witness would testify favorably to him, were adequately cured where the trial court instructed the jury that it was to presume the witness would testify favorably to the defendant and that the defendant did not have the burden of producing any witnesses.

5. Criminal Law—Prosecutor's Remarks—Failure to Object—Curative Instructions.

A defendant is not entitled to a reversal of his conviction because of allegedly prejudicial remarks of a prosecutor where he failed to object at trial and where the effect of the remarks could have been rectified by a curative instruction.

Appeal from Recorder's Court of Detroit, Michael J. Connor, J. Submitted April 13, 1976, at Detroit. (Docket No. 23305.) Decided May 3, 1976.

Reginald Carpenter was convicted of carrying an unlicensed pistol in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*William A. Haley, Jr.,* for defendant.

Before: Bashara, P. J., and R. B. Burns and Quinn, JJ.

Per Curiam. Defendant was convicted by a jury of carrying an unlicensed pistol in a motor vehicle, MCLA 750.227; MSA 28.424, and appeals.

Defendant first contends that the police officers did not have probable cause to search the interior of his auto where the pistol was found. Testimony revealed that the officers were responding to a

radio dispatch regarding a fight. As they approached the scene, they observed a man with a towel around his eye standing next to defendant's auto. When officer Gocher neared the car, the man threw the towel inside the car. Officer Gocher ordered the occupants out of the car.

The officer observed a rifle case in plain view, which contained a .44-caliber magnum rifle. He searched the remainder of the car and found a .25-caliber pistol with 75 rounds of ammunition.

The defendant relies upon *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975), for the proposition that a long rifle is not a dangerous weapon, and hence, did not give the officers probable cause to search the remainder of the auto. In determining whether probable cause existed so as to render a search reasonable, only the facts, circumstances, and information known to the officers at the time of the arrest and seizure should be considered. *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959). At the time of the arrest in the instant case, a rifle was a dangerous weapon within the meaning of MCLA 750.227; MSA 28.424. *People v Harper,* 3 Mich App 316; 142 NW2d 496 (1966). *People v Smith, supra,* was decided subsequent to the arrest in this action.

Defendant next contends that the prosecutor's failure to endorse and produce various unknown persons standing around the car mandates a new trial. We reject this contention because the defendant failed to move for a new trial as mandated by *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), and applied in *People v Ebejer,* 66 Mich App 333; 239 NW2d 604 (1976).

Defendant's final contention is that the remarks made by the prosecutor were so prejudicial as to require a new trial. The prosecutor referred to the

fact that the defendant could have produced the occupant of the back seat of the car if he thought he would testify favorably to him.

An objection was sustained by the trial judge, who instructed the jury that it was to presume the witness would testify favorably for the defendant. He further stated that the defendant did not have the burden of producing any witnesses. We consider the remark adequately cured by proper instruction.

A second remark made by the prosecutor is claimed as error. However, there was no objection. Absent objection we would not reverse where the remarks could have been rectified by a curative instruction. *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974), *lv den* 392 Mich 786 (1974). A review of the prosecutor's statement convinces us that there was no prejudice to the defendant from the remark, nor was it error.

Affirmed.