PEOPLE v EMMERT

1. SEARCHES AND SEIZURES—PROSCRIPTION AGAINST SEARCHES—JUSTI-
   FICATION—AMERICAN JURISPRUDENCE.

   The proscription against unreasonable searches is firmly and
   justifiably entrenched in American jurisprudence.

2. SEARCHES AND SEIZURES—SEARCH WARRANTS—MAGISTRATES—PO-
   LICE OFFICERS.

   Informed and deliberate determinations of a magistrate for the
   issuance of a search warrant are greatly preferred over hurried
   action by police officers.

3. APPEAL AND ERROR—SEARCHES AND SEIZURES—SEARCH WARRANTS
   —ISSUANCE—EVIDENCE—JUSTIFICATION—MAGISTRATES.

   Reviewing courts should accept evidence of a less judicially
   competent or persuasive character to justify issuance of a
   search warrant than would be sufficient in the absence of the
   review and the informed judgment of a judicial officer.

4. SEARCHES AND SEIZURES—SEARCH WARRANTS—AFFIDAVITS—SUFFI-
   CIENCY—COMMONSENSE APPROACH.

   A commonsense approach must be taken when considering the
   sufficiency of search-warrant affidavits.

5. SEARCHES AND SEIZURES—SEARCH WARRANTS—INFORMANTS—TEST
   OF RELIABILITY.

   Named citizen informants should not be subjected to the same
   stringent test of reliability for the issuance of a search warrant
   as those persons usually criminally involved or criminally
   disposed, often referred to as undisclosed but reliable infor-
   mants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Search and Seizure §§ 1–5.
[2, 3] 68 Am Jur 2d, Search and Seizure § 63.
[4, 6] 68 Am Jur 2d, Search and Seizure § 64.
[5–7] 68 Am Jur 2d, Search and Seizure § 65.
[8] 75 Am Jur 2d, Trial § 604, *et seq.*

6. SEARCHES AND SEIZURES—SEARCH WARRANTS—COMMONSENSE APPROACH—PROBABLE CAUSE—INFORMANTS—RELIABILITY.

A commonsense approach establishes that a search warrant is properly issued upon a showing of probable cause after review by an independent judicial officer where the reviewing judge was apprised of facts and circumstances showing the reliability of the persons supplying the information.

7. SEARCHES AND SEIZURES—SEARCH WARRANTS—INFORMANTS—AFFIDAVITS—HEARSAY EVIDENCE.

A properly issued search warrant is not invalidated because some of the information contained in the informant's affidavit may have been hearsay.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS—JURY—PROPER INSTRUCTIONS—JUDGE'S DISCRETION.

A trial court is given considerable discretion in properly formulating jury instructions and a criminal defendant's requested instructions need not be given exactly as requested where the jury is properly instructed as to what it is to find.

Appeal from Kent, John H. VanderWal, J. Submitted May 4, 1977, at Grand Rapids. (Docket Nos. 22661, 22662.) Decided June 6, 1977.

Kip R. Emmert was convicted of possession, with intent to deliver, of phencyclidine, lysergic acid diethylamide, and amphetamines and of possession with intent to deliver of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, for the people.

*Murphy, Burns & McInerney* (by *Robert C. Timmons),* for defendant.

Before: J. H. Gillis, P. J., and D. E. Holbrook and A. C. Miller,* JJ.

D. E. Holbrook, J. Defendant was found guilty of violating the controlled substances act, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b), and MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c), by possessing with the intent to deliver, phencyclidine (PCP), lysergic acid diethylamide (LSD) and amphetamines on the first complaint and possession of marijuana with intent to deliver on the second complaint. Defendant appeals as of right.

Defendant's primary contention on appeal is that the search which resulted in discovery of a substantial quantity of controlled substances was invalid. The search herein was conducted pursuant to a warrant which directed the seizure of "barbiturates, amphetamines and marijuana". Defendant contends that the warrant herein was improperly granted.

The information which served as a basis for this warrant was primarily given by defendant's ex-wife. She supplied information to the police that indicated that their eight-year-old son, Jamie, had spent the weekend with his father, defendant herein. She told police that the boy came home and produced various pills and capsules from his suitcase which he had found in a peanut can at defendant's home. The investigating officers ran tests on some of the suspected narcotics which disclosed them to be amphetamines. Jamie also indicated to his mother that he had observed defendant take pills from the peanut can, put them in plastic bags and deliver them to others. Defendant's ex-wife executed an affidavit for a search warrant before a district court judge, who

---

* Circuit judge, sitting on the Court of Appeals by assignment.

subsequently authorized issuance of this warrant. Jamie was neither examined or produced by the prosecution. At trial the parties agreed that Jamie should not be called and in lieu of his testimony the affidavit was offered into evidence. Defendant contends that this warrant was improperly based on hearsay information and that, further, the reliability of the informer was inadequately shown.

We find no case directly on point. However, our decision is guided by United States Supreme Court decisions involving sufficiency of warrants. *Aguilar v Texas*, 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *United States v Ventresca*, 380 US 102; 85 S Ct 741; 13 L Ed 2d 684 (1965), *Spinelli v United States*, 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969). Numerous decisions of our own Court also have considered similar questions. *People v Iaconis*, 29 Mich App 443; 185 NW2d 609 (1971), *aff'd* 387 Mich 431; 196 NW2d 767 (1972), *People v Gould*, 61 Mich App 614; 233 NW2d 109 (1975), *People v Rodriguez*, 65 Mich App 723; 238 NW2d 385 (1975), *People v Staffney*, 70 Mich App 737; 246 NW2d 364 (1976), *People v Battle*, 71 Mich App 136; 246 NW2d 389 (1976), *People v Davis*, 72 Mich App 21; 248 NW2d 690 (1976). See MCLA 780.653; MSA 28.1259(3).

The proscription against unreasonable searches is firmly and justifiably entrenched in American jurisprudence. An equally established rule is that the informed and deliberate determinations of a magistrate are greatly preferred over hurried action by police officers. *Aguilar v Texas, supra.* Herein the sufficiency of the warrant was fully considered by a judge. The Court in *Aguilar* emphasized that when a search is based upon the informed judgment of a judicial officer, reviewing

courts should accept evidence of a less judicially competent or persuasive character to justify issuance of a warrant than would be sufficient in the absence of review by a judicial officer. *Aguilar, supra, People v Iaconis, supra.* Therefore, we will examine what information the reviewing judge was presented with herein.

The affidavit of Mrs. Monfort herein indicated that immediately upon return of her eight-year-old son from defendant's house he produced suspected narcotics from his suitcase. The mother's concerned investigation revealed that defendant was the source of the narcotics. The mother was also available for questioning by the reviewing judge. The affidavit, which specified the type of narcotics, indicated specifically in the house where such narcotics were to be found. This is not the unsupported type of conclusionary language found invalid in *Aguilar* or *People v Zoder,* 15 Mich App 118; 166 NW2d 289 (1968).

Further, the information was provided by a known source of information. This is not the unnamed informant as was present in *Spinelli, supra,* or the professional criminal stool pigeon or criminally disposed type of informant as found in *Draper v United States,* 358 US 307; 79 S Ct 329; 3 L Ed 2d 327 (1959), which are inherently unreliable. The informants herein were ordinary citizens. Defendant has failed to enlighten us as to what he feels is necessary to show that Jamie was a reliable informant. However, the reviewing judge found no reason to inquire further. We have frequently recognized that a commonsense approach must be taken when considering the sufficiency of search warrant affidavits. *People v Iaconis, supra, People v Gould, supra.* See also, *Aguilar, supra.* Had the reviewing judge seen any necessity for calling

eight-year-old Jamie, he could have done so. Absent any showing that Jamie may have been unreliable or had been unreliable in the past or was untruthful we cannot agree with defendant's contention that this warrant was invalid merely because Jamie was not examined by the judge.

The reviewing judge was apprised of facts and circumstances showing the reliability of the persons supplying the information. Not only were the persons named in the affidavit, but, in addition, their relationship to the defendant was set forth. The relationship alone illustrates that they would be in an excellent position to know the truth of what they said. In addition, the detailed information provided further buttressed the showing of reliability. Named citizen informants should not be subjected to the same stringent test of reliability as those persons usually criminally involved or criminally disposed, often referred to as "undisclosed but reliable informants".[1]

A commonsense approach reveals that this warrant was properly issued upon a showing of probable cause after review by an independent judicial officer. *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958). Although some of the information contained in the affidavit may have been hearsay, it does not invalidate this properly issued warrant. *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960),

---

[1] *See People v Schulle,* 51 Cal App 3d 809; 124 Cal Rptr 585 (1975), upholding a search warrant on almost identical facts. Therein the Court noted:

" 'Citizen informants are not subjected with respect to their reliability to the same stringent test as persons who are themselves criminally involved or disposed upon the rationale that such citizens are motivated by good citizenship and their information is imparted in the aid of law enforcement.' " 51 Cal App 3d at 813; 124 Cal Rptr at 587, quoting *People v Paris,* 48 Cal App 3d 766, 772; 122 Cal Rptr 272 (1975).

*People v Chartrand,* 73 Mich App 645; 252 NW2d 569 (1977).

Defendant also asserts that this warrant was issued in violation of MCLA 780.653; MSA 28.1259(3). We disagree and find this warrant did conform with the statute. *People v Chartrand, supra.*

Defendant's other assertions of error are without merit. We have reviewed the instructions to the jury and have found no error. Defendant's requested instructions were not given exactly as requested, however, the jury was properly instructed as to what it was to find. The trial court is given considerable discretion in properly formulating jury instructions. Also, questioning of the defendant by the trial judge herein was not improper. *People v Childrey,* 65 Mich App 276; 237 NW2d 288 (1975), *lv den* 397 Mich 829 (1976).

Affirmed.