## PEOPLE v RODRIGUEZ

Docket No. 77-2561. Submitted April 11, 1978, at Lansing.—Decided May 15, 1978.

Ernesto R. Rodriguez was convicted in Ingham Circuit Court, Michael G. Harrison, J., of carrying a dangerous weapon with intent to use it unlawfully against another. At trial the court refused to suppress a rifle found by the arresting officer prior to arrest hidden under a coat in the car which defendant was driving. The trial court also allowed testimony concerning two prior disturbances at a cafe near which defendant was arrested which had occurred within 2-1/2 hours of the alleged offense. The prosecutor in closing argument also made statements to the effect that certain evidence was uncontradicted and with regard to the lack of evidence concerning the motivation for defendant's actions. Defendant appeals. *Held:*

1. An officer has probable cause to search a car driven by a party where the party had previously made statements to the officer implying that he would get and use a gun on a third party and where told by an ordinary citizen that he had been told that the party had a gun and had pointed it at another person and where told by another ordinary citizen that the man with the gun was in the car; evidence obtained in such a search is admissible.

2. Evidence of other misconduct of the defendant is properly admitted where no objection is made to its admission, the conduct formed part of the res gestae of the offense and the defendant made use of the evidence as part of his defense.

3. Prosecutorial closing statements indicating that the evidence is uncontroverted are permissible as are comments relat-

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Search and Seizure §§ 43, 45, 99.
    Validity, under Federal constitution, of warrantless search of automobile. 26 L Ed 2d 893.
[2] 29 Am Jur 2d, Evidence § 714.
[3, 4] 75 Am Jur 2d, Evidence § 241.
    Comment or argument by court or counsel that prosecution evidence is uncontradicted as amounting to improper reference to accused's failure to testify. 14 ALR3d 723.

ing to the absence of evidence generally and not defendant's failure to testify at trial.

Affirmed.

1. SEARCHES AND SEIZURES—AUTOMOBILES—PROBABLE CAUSE—INFORMANTS—ORDINARY CITIZENS.

An officer has probable cause to search a car where the driver had previously made statements to the officer implying that he would get and use a gun on a third person, where told by an ordinary citizen that he had been told that the driver had a gun and had pointed it at someone, and where told by another ordinary citizen that the man with the gun was in the car; evidence obtained in such a search is properly admitted.

2. CRIMINAL LAW—EVIDENCE—MISCONDUCT OF DEFENDANT—APPEAL AND ERROR.

Evidence of other misconduct of the defendant was properly admitted where no objection was made to its admission, the conduct formed part of the res gestae of the offense and the defendant made use of the evidence as part of his defense.

3. CRIMINAL LAW—ARGUMENT OF COUNSEL—COMMENT OF EVIDENCE.

Prosecutorial statements that certain evidence is uncontradicted are permissible.

4. CRIMINAL LAW—ARGUMENT OF COUNSEL—COMMENT ON EVIDENCE.

Comment on the absence of evidence generally and not on defendant's failure to testify is permissible.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Charles M. Sibert,* Assistant Prosecuting Attorney, for the people.

*Spence, Martin, Benedict & Hornback,* for defendant on appeal.

Before: DANHOF, C. J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury on April 18, 1977, of carrying a firearm with the intent to use it unlawfully against the person of another, contrary to MCL 750.226; MSA 28.423. He now appeals as of right.

At trial, Lansing Police Officer Richard Van Dussen testified that early on the morning of August 21, 1976, he went to the El Tango restaurant on East Grand River Street in Lansing on three occasions. On the first occasion, at 1 a.m. at the request of the manager of the restaurant, Mrs. Esther Lopez, he escorted defendant from the restaurant. Defendant and Mrs. Lopez had been arguing over defendant's interference with Mrs. Lopez's employees and Mrs. Lopez had summoned assistance to eject him from the restaurant. At 2 a.m. Officer Van Dussen was again summoned to the El Tango restaurant. This time there had been an attempted shooting of defendant by an unidentified individual. Officer Van Dussen offered to take a report from defendant but his offer was refused. Defendant said that he "would take care of the matter himself, and when he found the individual that he would not miss".

At 3:30 on the same morning, Officer Van Dussen cruised by the El Tango restaurant and noted an abnormally large and excited crowd in front of the restaurant. He then stopped to investigate and was told by Mrs. Lopez that an unidentified person had come into the restaurant and had told her that defendant had been pointing a gun at somebody. Upon walking outside, the officer was approached by an unidentified person who told him that the person with the gun was in a red Cadillac which was just down the street.

Officer Van Dussen pursued defendant, stopped him, and searched defendant's person for weapons. When the search disclosed no weapon Officer Van Dussen looked into the car, saw a coat stretched out as though it were covering something, removed the coat, and found a rifle.

Donell Jones testified that defendant had driven

up to Jones and pointed a rifle at Jones on the morning of August 21, 1976. Jones had ducked to the floor of his car and when nothing happened approached defendant. Defendant apologized and told Jones that he, defendant, had made a mistake and had aimed at the wrong man. Several witnesses corroborated Jones's testimony. Defendant did not testify, but presented one witness who disputed a minor detail of Jones's testimony, stating that he had never seen Jones talk to defendant following the incident.

Defendant argues that the trial court erred by refusing to suppress the rifle seized by Officer Van Dussen. The United States Supreme Court has long held that an immediate warrantless search of an automobile is permissible so long as there is probable cause to search. *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925). See also *People v Zeigler,* 358 Mich 355, 361–362; 100 NW2d 456 (1960). To determine if an officer had probable cause, one must examine the facts, circumstances and information known to the officer at the time of the search. *People v Carpenter,* 69 Mich App 81, 83; 244 NW2d 338 (1976). Probable cause exists when these facts and circumstances warrant a man of reasonable caution in the belief that an offense has been or is being committed. *People v Chartrand,* 73 Mich App 645, 649; 252 NW2d 569 (1977). Although the United States Supreme Court has developed a special test for evaluating probable cause when based upon the statements of confidential informants, *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), that test is inapplicable to information provided by known informants who are ordinary citizens. *People v Emmert,* 76 Mich App 26, 30; 255 NW2d 757 (1977).

In the present case the officer had probable cause to search. Prior to the search he had been informed by two people that defendant had a gun. Although repeating hearsay, Mrs. Lopez was a named informant, not a professional stool pigeon whose credibility is open to question. The other informant, although unnamed, appeared to be testifying from first-hand information. When the information supplied by these citizens is coupled with defendant's prior statement to the officer, probable cause to search was thereby established. Thus, the search of the automobile was valid and defendant's motion to suppress was properly denied.

Defendant next contends that the trial judge erred in admitting testimony regarding the two prior disturbances at the El Tango Cafe. No objection was made to the admission of this evidence. Moreover this evidence was properly admitted as part of the res gestae of the offense. *People v Kayne,* 268 Mich 186, 191–192; 255 NW 758 (1934), *People v McPherson,* 38 Mich App 534, 543–544; 197 NW2d 173 (1972). In fact, defendant used this evidence of the prior incidents as part of his defense, to explain why he had possession of the rifle.

Defendant also contends that certain statements in the prosecutor's closing argument merit reversal. Initially, we note that no objection was made to these comments. Furthermore, the prosecutor's comments were proper. Statements indicating that the evidence is uncontradicted have been previously upheld on numerous occasions. *People v LeRoy Morgan,* 24 Mich App 660, 664–665; 180 NW2d 842 (1970), *People v Balog,* 56 Mich App 624, 629; 224 NW2d 725 (1974), *People v Jacoboni,* 34 Mich App 84, 86–87; 190 NW2d 720 (1971). The

prosecutor's comment regarding the absence of evidence relating to defendant's reason for returning to the El Tango relates to the evidence generally and not defendant's failure to testify at trial. *People v Fields,* 66 Mich App 347, 352; 239 NW2d 372 (1976). Therefore no error occurred.

Affirmed.