## PEOPLE v BROOKS

Docket No. 45612. Submitted March 12, 1980, at Detroit.—Decided November 5, 1980. Leave to appeal applied for.

Eugene Brooks was convicted of possession of heroin with intent to deliver, Wayne Circuit Court, Michael L. Stacey, J. He appeals, alleging that the affidavit relied on to establish probable cause to justify the issuance of a search warrant was insufficient and that the warrant was invalid. *Held:*

The affidavit sufficiently related the underlying circumstances supporting the conclusion that the heroin and other relevant evidence could be found at the location where in it was said to be. The information was supplied by participants close to the source of the offense whose names and relationships to the defendant and with the premises to be searched were known. Thus, the affidavit as a whole was sufficient to allow the judicial officer who issued the search warrant to conclude that probable cause to search the premises where the heroin was found was established.

Affirmed.

1. SEARCHES AND SEIZURES — HEARSAY EVIDENCE — PROBABLE CAUSE — SEARCH WARRANTS.

   Hearsay or multiple hearsay evidence may be relied on to establish probable cause to justify the issuance of a search warrant, however, the judicial officer being requested to issue the warrant should be supplied with some of the underlying circumstances supporting the conclusions that the object of the search is where it is said to be and that the informant is reliable.

2. SEARCHES AND SEIZURES — MULTIPLE HEARSAY — EVIDENCE — CREDIBILITY AND RELIABILITY — PROBABLE CAUSE — SEARCH WARRANTS.

   Each level of multiple hearsay evidence should be subjected to a

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 68 Am Jur 2d, Searches and Seizures § 65.

Propriety of considering hearsay or other incompetent evidence in establishing probably causes for issuance of search warrant. 10 ALR3d 359.

test of its credibility and reliability where it is offered to establish probable cause to justify the issuance of a search warrant.

3. SEARCHES AND SEIZURES — HEARSAY EVIDENCE — UNDERLYING CIRCUMSTANCES — PROBABLE CAUSE — SEARCH WARRANTS.

The circumstances underlying hearsay evidence that the object of a search is where it is said to be should be more than a casual rumor circulating in the underworld, an accusation based merely on an individual's general reputation, or an offhand remark heard in a neighborhood bar where it is offered to establish probable cause to justify the issuance of a search warrant.

4. SEARCHES AND SEIZURES — HEARSAY EVIDENCE — PROBABLE CAUSE — SEARCH WARRANTS — TRUSTWORTHINESS OF INFORMATION — SOURCES.

Probable cause to justify the issuance of a search warrant based on hearsay evidence is not established until there is reason to conclude that the source of the information is trustworthy.

5. SEARCHES AND SEIZURES — HEARSAY EVIDENCE — AFFIDAVITS — PROBABLE CAUSE — SEARCH WARRANTS — INFORMANT'S DECLARATIONS.

An informant's hearsay declarations relied on in an affidavit to establish probable cause to justify the issuance of a search warrant should assert that the informant either saw or perceived the facts asserted or that the information is hearsay but that there is good reason to believe it.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted, after a

jury trial, of possession with intent to deliver heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to a prison term of from two to ten years and appeals by right.

Prior to trial, defense counsel moved to suppress heroin, paraphernalia, identification, and other evidence that had been seized pursuant to a search warrant. The sole issue on appeal is whether the warrant affidavit provided a sufficient basis for the issuance of a valid search warrant.

Neither the warrant nor the affidavit in support of the warrant appear in the record before this Court. The warrant was read into the record at trial, however, and it details information from the affidavit. According to this information, a police informant identified only as S.O.I. 471, who had provided the police with reliable information in several narcotics cases, met with Sergeant Joseph Piersante and informed him that heroin could be purchased at the Highland Inn in the City of Highland Park. Piersante accompanied the informant to the motel, searched him, and then issued him marked funds. The informant entered the motel where he met a woman named Luanne, who took him to room 715. Luanne indicated the heroin would be brought up from room 513. After a short period of time, a man named Ronnie arrived with the heroin, saying he had just come from room 513. The heroin was purchased with the marked funds, and the informant reported back to Piersante and turned over the narcotics. Piersante phoned this information to Officer Richard Caretti, who was the actual affiant. A search warrant was issued for room 513 and executed later the same day. The defendant and another were arrested in room 513, and the evidence, which is now challenged, was seized.

The warrant is specifically attacked on the ground that the affidavit did not contain sufficient information to establish probable cause for a search of room 513. As regards room 513, the affidavit contained three levels of hearsay. The first is from Luanne and Ronnie to the informant, the second is from the informant to Piersante, and the third is from Piersante to Caretti, the affiant. This fact alone presents no problem. Hearsay may be properly relied on, *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960), and the same is true of multiple hearsay, *People v Chartrand,* 73 Mich App 645, 650; 252 NW2d 569 (1977), *lv den* 400 Mich 848 (1977). When hearsay is used, however, the judicial officer being asked to issue the warrant must be supplied with (1) some of the underlying circumstances supporting the conclusion that the object of the search is where it is said to be and (2) some of the underlying circumstances supporting the conclusion that the person supplying the information is reliable. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1960), *People v Walker,* 401 Mich 572; 259 NW2d 1 (1977).

Although this test of "credibility and reliability" must be applied to each level of hearsay, there is no challenge in the instant case to the credibility or reliability of either Piersante or informant S.O.I. 471. Defendant instead argues there was not a sufficient showing regarding Luanne and Ronnie to justify a finding of probable cause based on their statements regarding room 513.

Applying the first part of the test to the instant case, it becomes clear that the affidavit sufficiently related the underlying circumstances supporting the conclusion that narcotics and other relevant

evidence could be found in room 513. The affidavit states that Luanne said the heroin had to be brought from room 513. When Ronnie arrived with the heroin, he said that he had come from room 513. The first part of the test seeks to weed out tips that are based on "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation". *Spinelli, supra,* 416. The judicial officer must be supplied with circumstances establishing that the information is more than "an offhand remark heard at a neighborhood bar". *Id.,* 417. The information under examination in the instant case clearly is not subject to these concerns. The information came from participants in the offense who identified room 513 as the source of the narcotics. Far from being a casual rumor or an offhand remark, the information came from very near the source of the offense charged.

It still must be shown, however, that the affidavit contained sufficient information to allow the judicial officer to conclude that the persons supplying the information, Luanne and Ronnie, were reliable. This is so because, even if the information regarding the location of the narcotics appears based on more than casual rumor, probable cause is not established until there is reason to conclude that the source of the information is trustworthy. In this regard the instant case differs from the usual *Aguilar-Spinelli* situation. In the typical case the informant is unnamed and circumstances, such as the reliability of prior tips or corroboration through independent police work, are needed to establish the credibility and reliability of the informant. See *Walker, supra,* 583. The instant case is more like *Chartrand, supra.* There, as here, the information was supplied by persons acting with

the defendant in a criminal enterprise. Their names and their relationships with the defendant were known. Similarly, in the instant case, the warrant affidavit named the sources of the contested information and established their relationship with the premises to be searched. The following is also helpful in resolving the instant case:

"If the affidavit rests on hearsay—an informant's report—what is necessary under *Aguilar* is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it—perhaps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be firsthand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the officer's previous experience with the informant. The other basis for accepting the informant's report is more complicated. *But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient." Spinelli, supra,* 425 (White, J., concurring; emphasis added.)

We conclude that the affidavit, was a whole, as sufficient to allow the judicial officer to conclude that probable cause to search room 513 was established.

Affirmed.