PEOPLE v THOMAS

Docket No. 53081. Submitted June 5, 1981, at Detroit.—Decided April
22, 1982.

James Thomas pled guilty in Detroit Recorder's Court to a charge
of carrying a concealed weapon and was sentenced to 40 to 60
months in prison, Craig S. Strong, J. Defendant tendered his
plea on condition that he be permitted to challenge on appeal
the legality of the search that uncovered his concealed weapon.
Defendant appeals. *Held:*

1. The search, prompted by information given to police by a
woman who refused to identify herself or accompany the police
in the police car, was a justifiable "stop and frisk" search. The
police were justified in entertaining a reasonable suspicion that
defendant was carrying a concealed weapon.

2. Defendant's claim that he was denied his constitutional
right to a speedy trial need not be considered. Speedy trial
claims are waived by a plea of guilty.

Affirmed.

R. M. Maher, J., concurred in the result reached by the
majority but wrote separately to express his disagreement with
the majority's assertion that a plea of guilty waives a claim of
denial of the right to a speedy trial.

Bronson, P.J., dissented in part and concurred in part. He
wrote separately to state his belief that conditional guilty pleas
are neither valid nor enforceable.

Opinion of the Court

1. Searches and Seizures — Stop and Frisk — Reasonable Suspi-
cion — Informants.

Whether information supplied to police carries enough indicia of
reliability to provide police officers with a reasonable suspicion
for a "stop and frisk" search depends on (1) the reliability of

References for Points in Headnotes
[1] 68 Am Jur 2d, Searches and Seizures § 58.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 473, 664.
[3] 21 Am Jur 2d, Criminal Law § 183.
[4] 21 Am Jur 2d, Criminal Law § 487.

the particular informant, (2) the nature of the particular information given, and (3) the reasonability of the suspicion in light of the first two factors (US Const, Am IV).

2. CRIMINAL LAW — SPEEDY TRIAL — GUILTY PLEAS — APPEAL.
   A defendant's claim of denial of his right to a speedy trial is waived for purposes of appeal by his tender of a guilty plea.

CONCURRENCE BY R. M. MAHER, J.

3. CRIMINAL LAW — SPEEDY TRIAL — GUILTY PLEAS — APPEAL.
   *A defendant's claim of denial of his right to a speedy trial is not waived for purposes of appeal by his tender of a guilty plea; such a claim is essentially jurisdictional, and a defendant may always challenge whether the state had a right to bring the prosecution in the first place by raising rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial.*

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, P.J.

4. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.
   *Qualified guilty pleas should not be enforced in the absence of court rules or statutes authorizing such pleas.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Defendant pled guilty to carrying a concealed weapon, MCL 750.227; MSA 28.424, and was sentenced to 40 to 60 months in prison. Defendant tendered his plea on condition that he be permitted to challenge on appeal the legality of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the search that uncovered his concealed weapon. We approve of the use of such conditional pleas since they save the state the expense of a "possibly needless, expensive and time-consuming trial". *People v Ricky Smith,* 85 Mich App 32, 48; 270 NW2d 697 (1978).

On April 22, 1979, two police officers were approached by a woman who informed them that a man had just "pulled a gun" while standing next to her. She pointed out defendant, who was standing at a bus stop, as the culprit. Defendant then proceeded to board a bus. The policemen pulled over the bus, boarded it, asked defendant to step off, and then conducted a pat-down search. The search turned up a loaded revolver. The woman had refused to tell the police her name and address, and refused to join them in the police car.

We believe that this search is justifiable as a "stop-and-frisk" under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). *People v Tooks,* 403 Mich 568, 577; 271 NW2d 503 (1978), provides the proper standard of review of a "stop-and-frisk" prompted by information received from a person who refuses to identify herself:

"In determining whether * * * information from [a] citizen-informant carrie[s] enough indicia of reliability to provide * * * officers with a reasonable suspicion under the standards of *Terry* and *Adams [v Williams,* 407 US 143; 92 S Ct 1921; 32 L Ed 2d 612 (1972)], we must examine three related factors: (1) the reliability of the particular informant, (2) the nature of the particular information given to the police, and (3) the reasonability of the suspicion in light of the above factors."

According to the *Tooks* Court, the police may properly act on information volunteered by a citizen who refuses to identify herself:

"* * * [T]he informant in this case was unknown to the police and refused to identify himself during the disclosure of information. Defendant asserts that these factors necessarily lead to the conclusion that the information was neither reliable nor credible. We do not agree.

"There is certainly nothing inherently unreliable about a citizen as opposed to a known informant giving information to the police."

Our review of the record reveals that the citizen-informant was at the time of the incident a hard-working member of the world's oldest profession. Consequently, we find her reluctance to identify herself and ride in a police car quite understandable. There were no circumstances tending to suggest to the police that the citizen-informant had fabricated the information she provided, or that she had mistakenly identified defendant. While the information available to the police may well have been insufficient to support a finding of probable cause, they were certainly justified in entertaining a reasonable suspicion that defendant was carrying a concealed weapon. Hence, the "stop-and-frisk" was proper under *Terry* and *Tooks.*

Defendant also contends that he was denied his constitutional right to a speedy trial. We need not consider the merits of this argument, since speedy trial claims are waived by a plea of guilty. *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981).

Defendant's conviction is affirmed.

R. M. MAHER, J. *(concurring).* I concur in the result reached by the majority, but write separately to express my disagreement with the majority's incredible assertion that a plea of guilty waives a claim of denial of the right to a speedy

trial. Such a claim, if successful, means that a trial should never take place; hence, it relates to the state's authority to try a particular defendant. Such a claim is essentially jurisdictional. See *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

Nevertheless, on the merits, I find myself unpersuaded that defendant was denied his right to a speedy trial. Accordingly, I join in the affirmance of his conviction.


BRONSON, P.J. *(dissenting in part; concurring in part).* I write separately because I do not believe conditional guilty pleas are valid and enforceable. As I said in *People v Ricky Smith,* 85 Mich App 32, 39-45; 270 NW2d 697 (1978), it is my opinion that the arguments weighing in favor of the use and validity of conditional guilty pleas are outweighed by their adverse effects on the administration of justice. Further, as I said in *Ricky Smith,* I believe that until there is a definitive rule or statute allowing conditional pleas or, at least, a Michigan Supreme Court decision upholding their validity, in the interests of uniformity in the trial courts, we should not countenance the use of conditional guilty pleas.