PEOPLE v WHITTIE

Docket No. 61627. Submitted September 15, 1982, at Lansing.—Decided December 7, 1982.

Charles E. Whittie was convicted, on his plea of guilty, in the Oakland Circuit Court, Hilda R. Gage, J., of carrying a concealed weapon. Defendant tendered his plea on condition that he could appeal the legality of the search which disclosed the concealed weapon. Defendant appeals challenging the circuit court's ruling that the weapon was seized during a legal search of his automobile conducted without a search warrant. *Held:*

1. Qualified pleas of guilty may be approved where the defendant has raised the qualification prior to entering such plea and has been overruled by the trial court. That is the situation in the instant case.

2. Defendant raised the issue of the validity of the search at the preliminary examination and prevailed. On appeal to the circuit court the decision was reversed. Under such circumstances, the judicial process is expedited by entering a qualified plea.

3. There was probable cause for the search in this case in view of the facts, circumstances and information known to the officers at the time of the search.

4. Hearsay or multiple hearsay may be relied upon to establish probable cause. Moreover, since the information was supplied by known ordinary citizen informants, rather than criminal-type informants, an independent verification of the facts was not necessary.

Affirmed.

R. B. Burns, P.J., concurred in the result but wrote sepa-

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 21 Am Jur 2d, Criminal Law §§ 486, 487.
   Lawfulness of nonconsensual search and seizure without warrant, prior to arrest. 89 ALR2d 715.
[2] 68 Am Jur 2d, Searches and Seizures §§ 43, 45.
[3, 4] 68 Am Jur 2d, Searches and Seizures § 43.
[5, 6] 68 Am Jur 2d, Searches and Seizures § 65.

rately to express his belief that conditional pleas are not valid or enforceable.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.

Qualified pleas of guilty may be approved where the defendant has raised the qualification prior to entering such plea and has been overruled by the trial court.

2. AUTOMOBILES — SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT.

An automobile may be searched without a warrant where there is probable cause to believe contraband is contained therein; due to the inherent mobility of an automobile it may be searched under circumstances that would not justify the search of a house.

3. SEARCHES AND SEIZURES — PROBABLE CAUSE.

Probable cause to search exists where facts and circumstances would warrant a person of reasonable prudence to believe that a crime has been or is being committed and that the evidence sought will be found in the stated place.

4. SEARCHES AND SEIZURES — PROBABLE CAUSE.

Facts, circumstances and information known to police officers at the time of a search must be examined in assessing whether probable cause exists for such search.

5. SEARCHES AND SEIZURES — PROBABLE CAUSE — HEARSAY.

Hearsay or multiple hearsay may be relied upon to establish probable cause for a search.

6. SEARCHES AND SEIZURES — PROBABLE CAUSE — INFORMANTS — INDEPENDENT VERIFICATION OF FACTS.

An independent verification of the facts relied upon by police officers to establish probable cause for a search is not necessary where such factual information is supplied by known ordinary citizen informants rather than criminal-type informants.

CONCURRENCE IN RESULT BY R. B. BURNS, P.J.

7. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.

*Conditional guilty pleas are not valid or enforceable.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Richard D. Mintz,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

ALLEN, J. On September 15, 1981, defendant pled guilty to carrying a concealed weapon, contrary to MCL 750.227; MSA 28.424. Defendant tendered his plea on condition that he could appeal the legality of the search which disclosed the concealed weapon. The conditional plea was taken over the prosecutor's objection that a guilty plea must be unconditional. Sentenced to two years probation with the first 30 days to be spent in the Oakland County Jail, defendant appeals as of right.

On April 7, 1980, at approximately 11:53 p.m., Officers Booser and Klute of the Troy Police Department were dispatched to the parking lot of the Palace Restaurant in Troy. The dispatcher advised the officers (1) that a call was received from Barbara Carr at the Palace Restaurant, (2) that Ms. Carr had stated that a white male threatened to shoot someone in the restaurant and was seated in a blue Lincoln in the restaurant's parking lot, (3) that Ms. Carr had not seen a gun but Sylvia Whittie, the suspect's wife, who was also present in the restaurant, had seen a gun which was with the suspect in the vehicle, and (4) that the dispatcher talked with Ms. Whittie, who confirmed the presence of a gun. At the time of the dispatch, the officers did not know who Barbara Carr was, although they later learned that she was employed at the Palace Restaurant.

Upon arriving at the restaurant, the officers observed defendant seated in a 1977 blue Lincoln automobile. As the car was pulling out of the parking space, the officers pulled up directly behind it and asked defendant to exit from the vehicle. Defendant was taken to the rear of the car. A pat-down search revealed no weapon. Defendant remained at the rear of the car with Officer Klute while Officer Booser opened the car door and reached halfway under the driver's seat where he felt the butt of a gun. Unable to dislodge the gun, Officer Booser raised the seat by operating the electric seat buttons and removed a .32-caliber revolver. Defendant was then placed under arrest and charged with carrying a concealed weapon.

At the close of the preliminary examination, the district court judge ruled that the gun was inadmissible as the fruit of an illegal search and dismissed the case. The prosecutor appealed and the circuit court reversed the district court's decision and ordered the case reinstated. Defendant then tendered the conditional plea to the charged crime. Defendant now appeals as of right challenging the circuit court's ruling that the evidence was seized during a legal search of his automobile without a warrant. The circuit court stayed execution of defendant's sentence pending this Court's decision.

The prosecution argues that conditional pleas are invalid, especially where, as in the present case, the plea is accepted over the prosecution's objection.

This Court is split on the question of whether a conditional plea of guilty is valid. Holding that a qualified plea is invalid is *People v Reid,* 113 Mich App 262; 317 NW2d 589 (1982), and the dissenting opinion in *People v Thomas,* 115 Mich App 586;

321 NW2d 742 (1982). Holding such pleas valid are *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978) (opinion of M. F. CAVANAGH, J.), and the majority opinion in *Thomas.* While this panel would not go so far as to approve *every* qualified plea of guilty, we have no objection to approving pleas where the defendant has raised the condition prior to entering such pleas and has been overruled by the trial court. That is the situation in the instant case. The only real issue is the validity of the search. Defendant raised that issue at the preliminary examination and prevailed. On appeal to circuit court, the decision was reversed. Under such circumstances, we feel the judicial process is expedited by entering a qualified plea.

Accepting the plea as valid, we next address the merits of the search and seizure issue. Defendant argues that the facts of this case are almost identical to those in *People v Long,* 413 Mich 461; 320 NW2d 866 (1982).[1] However, we find *Long* inapplicable. There, the prosecutor sought to justify the search solely as a protective search for weapons under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). In the present case, while the prosecution sought below to justify the search under *Terry,* it also argued, below and on appeal, that the search was justifiable under the "automobile exception" to the warrant requirement.

[1] In *Long,* police officers observed the defendant driving erratically, swerving, and eventually ending up in a ditch. The defendant got out of his car, leaving the car door open, and met the police officers at the rear of his vehicle. He did not respond to the officers' questions and appeared to be under the influence of something. The officers followed the defendant as he began walking toward the open car door. Approaching the door, the officers saw a knife on the floorboard. Thereafter, defendant was frisked and his car was thoroughly searched. A leather pouch containing marijuana was found under the armrest and two paper bags containing approximately 75 pounds of marijuana were found in the trunk. The Michigan Supreme Court held that the evidence was inadmissible as the product of an illegal search.

The United States Supreme Court has long held that due to the inherent mobility of an automobile, it may be searched under circumstances that would not justify the search of a house. *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925); *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970). An automobile may be searched where there is probable cause to believe contraband is contained therein.

Arguably, the Supreme Court's opinions in *Chambers v Maroney, supra,* and in *Texas v White,* 423 US 67; 96 S Ct 304; 46 L Ed 2d 209 (1975), support the prosecution's position that given probable cause a search without a warrant may be undertaken even where no exigent circumstances make it impossible or impractical to delay the search until a warrant may be obtained. Recently, the Court has clarified its holdings, stating in *Michigan v Thomas,* — US —; 102 S Ct 3079, 3081; 73 L Ed 2d 750, 753 (1982):

"In *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has stopped on the road, the officers may conduct a warrantless search of the vehicle, even after if has been impounded and is in police custody. We firmly reiterated this holding in *Texas v White,* 423 US 67; 96 S Ct 304; 46 L Ed 2d 209 (1975). See also *United States v Ross,* 456 US 798, 807, fn 9; 102 S Ct 2157, 2163, fn 9; 72 L Ed 2d 572, 582, fn 9 (1982). It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.

\* \* \*

"Here, the Court of Appeals recognized that the officers were justified in conducting an inventory search of the car's glove compartment, which led to the discovery of contraband. Without attempting to refute the State's contention that this discovery gave the officers probable cause to believe there was contraband elsewhere in the vehicle, the Court of Appeals held that the absence of 'exigent circumstances' precluded a warrantless search. This holding is plainly inconsistent with our decisions in *Chambers* and *Texas v White.*" (footnote omitted.)

Accordingly, defendant's argument that one police officer could have guarded the car while the other officer went to secure a warrant is irrelevant.

Probable cause to search exists where facts and circumstances would warrant a person of reasonable prudence to believe that a crime has been or is being committed and the evidence sought will be found in the stated place. *Carroll v United States, supra, People v Harris,* 95 Mich App 507; 291 NW2d 97 (1980). In assessing whether probable cause exists, the facts, circumstances and information known to the officers at the time of the search must be examined. *People v Rodriguez,* 83 Mich App 606; 269 NW2d 199 (1978). While a close question, we find that the information conveyed in the radio dispatch and the presence of the defendant in a blue Lincoln in the restaurant's parking lot, as stated in the dispatch, supplied the requisite probable cause. While the information conveyed to the officers was hearsay, hearsay or multiple hearsay may be relied upon to establish probable cause, *People v Brooks,* 101 Mich App 416; 300 NW2d 582 (1980). Moreover, since the information in this case was supplied by known ordinary citizen informants, rather than criminal-type informants, an independent verification of the facts was

not necessary. *People v Harris, supra, People v Emmert,* 76 Mich App 26; 255 NW2d 757 (1977).

Affirmed.

M. J. Kelly, J., concurred.

R. B. Burns, P.J. *(concurring in result).* I write separately because I do not believe conditional guilty pleas are valid and enforceable. *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978).