IN THE MATTER OF DARRELL BAILEY

PEOPLE v BAILEY

Docket No. 69152. Submitted January 11, 1984, at Detroit.—Decided September 18, 1984. Leave to appeal applied for.

Defendant, Darrell Bailey, a 15-year-old juvenile, entered a qualified guilty plea in the Probate Court for the County of Wayne-Juvenile Division to entering, without breaking, a building with the intent to commit larceny. The probate court, Y. Gladys Barsamian, J., originally placed the defendant on probation but later committed the defendant for delinquency placement when his mother did not respond to the court's request that she take the defendant home on probation. Defendant, in entering his plea of guilty, preserved his right to raise as an issue the fact that his trial was not held within 42 days after the conclusion of the preliminary hearing. On appeal, the defendant argues that his conviction must be reversed because he was denied the right to effective assistance of counsel as a result of the provision of "house counsel" employed by the Juvenile Division of the Wayne County Probate Court. He argues specifically that the system of providing "house counsel" denied him his right to a judicial determination of probable cause and his right to be tried within 42 days of the completion of that hearing. Defendant's argument notes that the defendant was represented by one "house counsel" at his preliminary hearing and by a different "house counsel" at his pretrial hearing, with no representation in the interval. Defendant also notes that, following his preliminary hearing, he remained in detention in the youth home until his trial. Such detention, between August 27, 1982, and October 18, 1982, was a result of the defendant's mother's refusal to exercise her right to "release" the defendant pursuant to the court's order which permitted, but did not obligate, such a release to the mother, but which otherwise obligated defendant to remain at the home. *Held:*

1. Qualified guilty pleas may validly preserve for review

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 469 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

nonjurisdictional issues which would otherwise be waived by a guilty plea.

2. The record in this case establishes that the defendant was not denied the protections regarding a determination of probable cause or to be tried within 42 days of the completion of his preliminary hearing by the system of providing "house counsel". Therefore, the Court of Appeals determined that it need not decide whether defendant was ever entitled to the probable cause determination or to be tried within 42 days. The Court of Appeals noted that the defendant was not denied these protections because of the fact that no single attorney was assigned to represent him throughout the progress of his case. Instead, if any error occurred, it was the failure of each of his assigned attorneys to argue that defendant was, as a matter of law, detained and in custody. If this failure constitutes ineffective assistance of counsel, it is only ineffective assistance of an individual counsel, rather than that of "house counsel". Defendant did not preserve this issue for appeal.

3. The factual basis given by the defendant at his plea proceeding did not supply the element of larcenous intent necessary to convict the defendant of entering, without breaking, with intent to commit larceny. The case is, therefore, remanded to the probate court to permit the prosecution to supply this missing element. If the prosecution is unable to supply this element, defendant's conviction must be vacated and the petition dismissed.

Remanded.

1. CRIMINAL LAW — QUALIFIED GUILTY PLEAS.

A defendant may enter a qualified guilty plea which preserves for review nonjurisdictional issues which would otherwise be waived by a guilty plea.

2. APPEAL — PRESERVING QUESTION.

The Court of Appeals need not consider issues which are not properly preserved for appeal.

3. CRIMINAL LAW — APPEAL — GUILTY PLEAS — MISSING ELEMENTS.

The Court of Appeals will remand to the trial court, in an action wherein the factual basis given by the defendant at the proceeding wherein he pled guilty to a crime did not supply a necessary element of the crime, to permit the prosecution to supply this missing element; the defendant's conviction must be vacated if the prosecution is unable to supply the missing element.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

Juvenile Defender Office (by *Richard D. Korn),* for defendant on appeal.

Before: WAHLS, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

PER CURIAM. Defendant, a 15-year-old juvenile, entered a qualified guilty plea to entering, without breaking, a Detroit School Board building with the intent to commit larceny, MCL 750.111; MSA 28.306. He was originally placed on probation but was later committed for delinquency placement because his mother did not respond to the court's request to take defendant home on probation.

On appeal as of right, defendant argues that his plea-based conviction must be reversed because he was denied his Sixth Amendment right to effective assistance of counsel by the provision of "house counsel" employed by the Juvenile Division of the Wayne County Probate Court. He argues specifically that this system of providing "house counsel" denied him his right to a judicial determination of probable cause, as provided by JCR 1969, 4.2(B)(6) and (7), and his right to be tried within 42 days of the completion of that hearing, as provided by JCR 1969, 8.1. The facts underlying his claim are as follows:

Defendant was arrested on August 24, 1982, for breaking and entering with intent to commit lar-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ceny, MCL 750.110; MSA 28.305, and was incarcerated in the Wayne County Youth Home. Pursuant to JCR 1969, 4.2, a preliminary hearing (equivalent to an adult arraignment) was scheduled for August 25, 1982, but was rescheduled for August 27, 1982, because defendant's mother failed to appear for the hearing. On August 27, 1982, the hearing was held. Defendant was represented by "house counsel", a juvenile court attorney who represented all juveniles without counsel for their appearances in that particular courtroom. Defendant's mother appeared. The referee authorized the petition against defendant to be filed and then issued a "release", an order which permitted but did not obligate defendant's mother to remove defendant from the youth home, but which otherwise obligated defendant to remain at the home. Defendant's mother informed the referee that she refused to take her son home from the youth home. No further action was taken in this hearing, although the referee set the date of September 21, 1982, for defendant's pretrial hearing. Defendant was then transported back to the youth home.

As defendant's mother had stated, she did not exercise her "release" to remove defendant from custody, and defendant remained incarcerated until his pretrial hearing on September 21, 1982. Defendant was not represented by counsel in the interval between his preliminary hearing and his pretrial hearing, but he was represented by a different "house counsel" for purposes of the pretrial hearing only. Defendant's mother appeared at the hearing and again stated that she refused to take defendant home from the youth home. A trial date of October 15, 1982, was set and defendant was again returned to the youth home.

On September 22, 1982, the Juvenile Defender

Office was appointed to represent defendant at trial. Because the office was not aware that defendant was still incarcerated in the youth home, no attorney was able to contact defendant until October 6, 1982.

On the trial date of October 15, 1982, defendant's mother again failed to appear and the trial was rescheduled until October 18, 1982, to allow for appointment of a guardian ad litem. The guardian was subsequently appointed and everyone except defendant's mother appeared for trial on October 18, 1982. At that time, defendant moved for dismissal of the petition against him because his trial (known as the adjudicatory phase) had not been held within 42 days after the completion of the preliminary hearing, as required by JCR 1969, 8.1:

"* * * Unless adjourned for good cause shown, the adjudicative phase must be docketed and heard within 42 days after the conclusion of the preliminary hearing if the child has been detained. * * *"

The probate court denied defendant's motion. Defendant then pled guilty to the lesser included charge of entering, without breaking, with intent to commit larceny. He preserved his right to raise the issue of noncompliance with JCR 1969, 8.1 by entering a qualified guilty plea.

On appeal, defendant has broadened the issue from a claim that the charges against him must be dismissed for failure to comply with JCR 1969, 8.1 to a claim that he was denied both his right to be tried within 42 days of the completion of his preliminary hearing and his right to a judicial determination that there was probable cause to believe that he had committed the offense charged. He argues that he was denied these rights by the

deficiencies inherent in the system of "house counsel" employed in the juvenile court system in Wayne County. Defendant claims that these deficiencies amount to "institutionalized ineffective assistance of counsel". Defendant recognizes that this broader issue was not preserved by his qualified guilty plea, but argues that the argument must be addressed by this Court so that we may properly resolve the narrower issue which defendant did preserve.

The first question before us is whether or not qualified guilty pleas may validly preserve for review nonjurisdictional issues which would otherwise be waived by a guilty plea. Panels of this Court have disagreed on this issue. See *People v Whittie,* 121 Mich App 805; 329 NW2d 497 (1982), and *People v Reid,* 113 Mich App 262; 317 NW2d 589 (1982), *lv gtd* 414 Mich 867 (1982). We conclude that such pleas are valid. *People v Thomas,* 115 Mich App 586; 321 NW2d 742 (1982).

The next issue is whether or not defendant was ever entitled to have a judicial determination that there was probable cause to believe that he had committed the offense charged or to be tried within 42 days of the completion of his preliminary hearing. JCR 1969, 4.2(B)(7) provides that:

"At the conclusion of the preliminary hearing the judge or referee shall decide whether to

"(a) authorize the petition to be filed; and if authorized,

"(b) release the child in the custody of a parent, guardian, or custodian or, on a showing of probable cause that the defendant committed the offense or a waiver of the showing, order detention or placement of the child pending hearing. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf.

"If the child is not released, the child must be placed

pending trial in the least restrictive placement that will meet the child's needs and the needs of the public."

As stated earlier, JCR 1969, 8.1 provides that if a child has been detained the adjudicative phase must be docketed and heard within 42 days after the conclusion of the preliminary hearing unless adjourned for good cause shown. Thus, both procedural protections are triggered only if the child has been ordered "detained" by the judge or referee.

Both the prosecutor and probate court referee in this case interpreted the court rules as requiring the procedural protections for a juvenile only when the court has *ordered* detention, rather than when a juvenile is kept in detention because a parent has refused to exercise her right to "release" the juvenile. Defendant on appeal interprets the rules as requiring the protections when a juvenile's parent has made it obvious, through word and deed, that the "release" will not be exercised. While we believe that the latter interpretation is preferable because it would effectively prevent a recurrence of the situation in this case, we do not need to resolve the issue at this time. The record in this case establishes that defendant was not denied these protections by the provision of "house counsel".

The "error" which prevented defendant from having a probable cause hearing was not the absence of counsel between the preliminary hearing and the pretrial hearing, but rather the fact that the counsel assigned to represent defendant at the preliminary hearing and pretrial hearing interpreted JCR 1969, 4.2(B)(7) in the same way as did the magistrate and prosecutor. Apparently, neither of these attorneys believed that defendant was entitled to a probable cause hearing under the

circumstances of his case and therefore never raised the issue in court. There is no suggestion in the record that the issue would have been raised by either of these attorneys had they been assigned to represent defendant from the beginning of his preliminary hearing to the end of his trial. In fact, the record suggests that the issue would not have been raised because, although the attorney assigned to represent defendant at the pretrial hearing was aware that defendant had remained at the youth home since his preliminary hearing, the attorney did not argue that defendant was entitled to have a probable cause hearing. We cannot speculate that a full-time assigned counsel would have argued that defendant was entitled to have such a hearing.

The same "error" again was the cause of defendant's not being tried within 42 days of his probable cause hearing. Because none of the attorneys assigned to represent defendant believed that he had been "detained", they naturally did not attempt to have defendant's case adjudicated within the 42-day limit. If defendant was entitled to this protection, he was not denied the protection because of the fact that no single attorney was assigned to represent him throughout the progress of his case. Instead, if any error occurred, it was the failure of each of his assigned attorneys to argue that defendant was, as a matter of law, detained and in custody. If this failure constitutes ineffective assistance of counsel, it is only ineffective assistance of an individual counsel, rather than that of "house counsel". Defendant did not preserve this issue for appeal.

We note, however, that the factual basis given by defendant at his plea proceeding did not supply the element of larcenous intent necessary to con-

vict defendant of entering, without breaking, with intent to commit larceny. Pursuant to *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), we remand this case to the probate court to permit the prosecution to supply this missing element. If the prosecutor is unable to supply this element, defendant's conviction must be vacated and the petition dismissed.

Remanded to the probate court. We do not retain jurisdiction.