### PEOPLE v HEARD

1. ARREST—PROBABLE CAUSE—CRIMINAL LAW.

Police had probable cause to arrest a defendant where they had apprehended an admitted participant in a school break-in and found property from the break-in in his possession recovered more property from the break-in at the admitted participant's residence after he said it was there, and where the participant said that additional unrecovered property was at the defendant's home.

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—CONSTITUTIONAL LAW.

A search without a warrant and the resultant seizure is unreasonable per se and violates both the United States and Michigan Constitutions; the burden is on the state to show that the search comes within one of the exceptions to the warrant requirement and courts have a duty to suppress admission into evidence of the fruits of a search where the state fails to meet its burden of justification (US Const, Am IV; Const 1963, art 1, § 11).

3. SEARCHES AND SEIZURES—PLAIN VIEW—LIMITATIONS.

There are important limitations on the plain view exception to the constitutional requirement for a warrant to seize evidence: (1) the police officer must be lawfully in the position from which evidence comes within his plain view, (2) plain view alone is never enough to justify the seizure of evidence without a warrant—there must be exigent circumstances, and (3) the discovery of evidence in plain view must be inadvertent.

4. SEARCHES AND SEIZURES—WITHOUT WARRANT—REQUIREMENT—INCONVENIENCE—APPEAL AND ERROR.

The Court of Appeals will not legitimate a planned search with-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 44 *et seq.*
[2] 68 Am Jur 2d, Searches and Seizures §§ 85–87.
[3] 68 Am Jur 2d, Searches and Seizures § 100 *et seq.*
[4] 68 Am Jur 2d, Searches and Seizures § 60 *et seq.*
[5] 58 Am Jur, Witnesses § 654.
[6] 75 Am Jur 2d, Trial § 196.

out a warrant and the resultant seizure; the requirement of a warrant to seize evidence imposes no constitutionally cognizable inconvenience where the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it.

5. WITNESSES—CRIMINAL LAW—DEFENDANT AS WITNESS—CROSS-EXAMINATION—PRIOR CONVICTIONS—COURTS—DISCRETION.

A trial judge has discretion to allow a defendant to be cross-examined as to a prior conviction; he must recognize that he has this discretion and exercise it.

6. WITNESSES—RES GESTAE WITNESSES—INDORSEMENT—ACCOMPLICES.

The prosecution is not required to indorse and call a res gestae witness who is an accomplice.

Appeal from Berrien, Julian E. Hughes, J. Submitted October 16, 1975, at Grand Rapids. (Docket No. 21522.) Decided November 12, 1975. Leave to appeal denied, 396 Mich 827.

Tommie Heard was convicted of receiving or concealing stolen property. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant was convicted by a jury of receiving or concealing stolen property, MCLA 750.535; MSA 28.803, was sentenced to 40 months to 5 years in prison, and appeals of right.

A break-in occurred at Eau Claire High School in which typewriters, tape recorders and other

items were taken. Several days later at approximately 1 a.m. police officers observed Jarrett Walker on the street carrying a tape recorder. They checked the serial number of the tape recorder and discovered that it was one that had been stolen from the high school. They arrested Walker for breaking and entering.

Walker admitted the break-in and told an officer that part of the property was at his residence, a rented room, and the rest at defendant's house. The officer testified that Walker stated that he and defendant had broken into the school. Walker testified that he did not tell the officer that defendant had broken into the school.

The police went to Walker's apartment, where they recovered some of the stolen property. Without an arrest warrant or a search warrant, the police then went to defendant's residence, where they arrested defendant when he opened his front door. Defendant stepped back into his living room as the officers entered the home. From the living room the officers observed a partially covered typewriter on the kitchen table. They proceeded into the kitchen, removed the cover, and examined the typewriter. A check of its serial number revealed that it had been taken from the school. The officers searched the kitchen, finding other items that also proved to have been taken from the school. The typewriter, however, was the only item introduced into evidence against the defendant.

I.

Defendant raises four issues on appeal. First, defendant challenges his arrest, arguing that it was without probable cause, that there was neither a showing that the informant was credible, nor a showing of underlying circumstances making

the information reliable. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *Draper v United States,* 358 US 307; 79 S Ct 329; 3 L Ed 2d 327 (1959), *People v James White,* 392 Mich 404; 221 NW2d 357 (1974).

According to a police officer's testimony, Walker said that he and defendant had broken into the school and that part of the property taken was at his residence and part at defendant's residence. Walker testified that he did not tell the officer that defendant participated in the break-in, but that he did tell the officer that part of the property was at defendant's residence.

Walker was an admitted participant in the criminal activity, not a third-party informer. Property from the school break-in was found in Walker's possession at the time of his arrest. Additional property from the school was recovered from Walker's residence, where Walker had said it was. Additional property taken from the school was still unrecovered. Walker said that the property was at defendant's home. Under these circumstances, the police had reason to believe that Walker was providing them with reliable information. Although the police had no prior contact with Walker that would have allowed them to assess his reliability, the officers had facts to corroborate part, at least, of Walker's statement, facts sufficient to justify proceeding to defendant's home and arresting defendant. *Cf. People v White, supra,* 418–421. The officers had probable cause to arrest. The facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a reasonable belief that the defendant had committed or was committing an offense. *People v Wolfe,* 5 Mich App 543; 147 NW2d 447 (1967).

## II.

Next, defendant claims that the search without a warrant of defendant's home and the seizure of the typewriter by police did not fall within any of the exceptions to the warrant requirement and that therefore the typewriter should have been suppressed as evidence. We agree.

A warrantless search and seizure is unreasonable per se and violates both the United States and Michigan Constitutions. US Const Am IV; Const 1963, art 1, § 11. The burden is on the state to show that the warrantless search comes within one of the exceptions to the warrant requirement. *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975). Where the state fails to meet its burden of justification, the courts have a duty to suppress the admission into evidence of the fruits of the search. *People v Beavers, supra, People v White,* 392 Mich 404; 221 NW2d 357 (1974).

Plaintiff argues that the plain view exception to the warrant requirement applies here; that is, that the typewriter fell within the plain view of officers who had a right to be in the position to have that view. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). There are, however, important limitations on the plain view doctrine. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971). The officer, of course, must be lawfully in the position from which evidence comes within his plain view. There are also further limitations. One, plain view alone is never enough to justify the warrantless seizure of evidence—there must be "exigent circumstances". Two, the discovery of evidence in plain view must be inadvertent. *Coolidge v New Hampshire, supra, People v Harden,* 54 Mich App 353; 220 NW2d 785 (1974).

In the instant case the prosecution has failed to carry its burden of showing that the discovery of the typewriter was inadvertent. The police had reliable information that property taken from the high school was in the house, information sufficient to establish probable cause. They had ample opportunity to obtain a valid warrant. They anticipated discovery of the stolen property. They entered the house intending to search for evidence. They entered, stated that they needed no search warrant, and proceeded to search. The circumstances indicate an intent to search for the stolen property from the beginning.

"[W]here the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it, * * * [t]he requirement of a warrant to seize imposes no inconvenience whatever, or at least none which is constitutionally cognizable in a legal system that regards warrantless searches as 'per se unreasonable' in the absence of 'exigent circumstances'." *Coolidge v New Hampshire, supra,* 470–471.

If the discovery of the typewriter had been truly inadvertent, then it might be necessary to decide whether "exigent circumstances" justified its seizure. Here, however, the record clearly indicates that the police anticipated stolen property being in defendant's home and went there, without a search warrant, intending to search for it. We refuse to legitimate a planned warrantless search and seizure. The police should have obtained, or at least sought to obtain, a search warrant.

## III.

The third claimed error is that the trial judge abused his discretion by allowing the prosecutor to elicit defendant's conviction, more than six years

previous, for larceny from a building. Whether to allow a defendant to be cross-examined as to a prior conviction is within the discretion of the trial judge. The trial judge, of course, is required to recognize and exercise that discretion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). There can be no question that the trial judge recognized and exercised his discretion in the instant case. The only remaining inquiry is whether he abused it.

Here the trial judge considered the nature of the prior conviction, larceny from a building, and the length of time since the conviction, six years. The judge stated that the question was a close one but he would permit the prosecution to elicit the conviction. The judge made very clear that the inquiry was to be limited to that conviction and only to the fact that defendant had been convicted of the offense. We find no abuse of discretion in these circumstances.

### IV.

Lastly, defendant contends that the trial court erred when it did not require the prosecution to endorse Jarrett Walker upon the information as a res gestae witness and to call him to testify as part of the prosecution's case-in-chief. Walker, however, was an accomplice. *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975), *People v Threlkeld,* 47 Mich App 691; 209 NW2d 852 (1973). The prosecution is not required to endorse and call a res gestae witness who is an accomplice. *People v Raider,* 256 Mich 131; 239 NW 387 (1931). Although defendant makes a strong argument that the accomplice exception is unsound and ill-conceived, the argument is more properly addressed to the Supreme Court. Precedent requires this

Court to recognize the accomplice exception to the res gestae endorsement rule. *People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), *lv den* 390 Mich 803 (1973).

Reversed and remanded.