PEOPLE v HARRIS

Docket No. 43722. Submitted December 13, 1979, at Detroit.—Decided February 20, 1980.

Charles B. Harris was convicted of possession of heroin with intent to deliver, Wayne Circuit Court, John H. Hausner, J. The defendant appeals, alleging that a search and the seizure of the heroin and his arrest were improperly conducted without warrants. *Held:*

1. The defendant raises for the first time on appeal the issue of the search, seizure and arrest without warrants. Since an important constitutional issue is raised and the question of the admissibility of the evidence produced by the search is decisive of the outcome of the case, appellate review is appropriate.

2. Under the circumstance of this case there was probable cause for the search of the defendant and seizure of the heroin without a warrant. The search was valid.

3. The arrest without a warrant was also proper. The information supplied to the police came from a known informant who was an ordinary citizen. Such information was sufficient to establish probable cause without satisfying requirements which are applicable to instances when the information comes from an unnamed informant, the professional criminal stool pigeon or the criminally disposed type of informant, all of whom are considered inherently unreliable.

4. The trial court did not err in its decision to allow the admission of evidence of two prior convictions of the defendant if he elected to testify.

5. The defendant neither objected to the admission of testimony of a prosecution witness that the witness knew the defendant through arrests nor requested a cautionary instruction regarding that testimony. There was no manifest injustice as a result of this and appellate review is precluded.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 517.
  5 Am Jur 2d, Appeal and Error §§ 797, 801.
[2] 68 Am Jur 2d, Searches and Seizure § 41 *et seq.*
[3] 5 Am Jur 2d, Arrest §§ 16, 46, 48.

1. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — CONSTITU-
TIONAL LAW — ADMISSIBILITY OF EVIDENCE.

The Court of Appeals must determine whether evidence which a
defendant alleges was erroneously admitted was decisive to the
outcome of the case where the defendant raises, for the first
time on appeal, a constitutional question regarding the pro-
priety of the search by which the evidence was obtained; the
defendant may be allowed to raise the issue on appeal where
the challenged evidence was totally decisive of the defendant's
conviction.

2. SEARCHES AND SEIZURES — WITHOUT WARRANT — PROBABLE CAUSE
— REASONABLENESS.

A policeman searching without a warrant must have probable
cause to believe that a search of the person or place in question
will result in the finding of evidence of a crime and probable
cause to believe that he must search immediately without
taking the time to seek and obtain a warrant in order to
protect himself or in order to avoid the loss of evidence or in
order to prevent the escape of the accused or for any other
reason which outweighs the need for judicial surveillance over
police activity which the search warrant provides.

3. ARREST — PROBABLE CAUSE — CASE PRECEDENT — INFORMANTS —
RELIABILITY OF INFORMANTS.

United States Supreme Court case precedent holds that in order
for evidence obtained from an informant to constitute probable
cause for an arrest it must satisfy the following requirements:
1) the police must have reason to believe the informant is
reliable, and 2) the police must be informed of the underlying
circumstances upon which the informant based his conclusion;
this test applies to the unnamed informant, the professional
criminal stool pigeon or the criminally disposed type of infor-
mant, all of whom are considered inherently unreliable; the
test is inapplicable where the information is provided by known
informants who are ordinary citizens.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Gary R. Dettloff,* Assistant Prosecuting Attorney, for the people.

*Anthony C. Penta, Jr.,* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

M. J. KELLY, P.J. Defendant was charged with possession of heroin, with intent to deliver, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). Following a jury trial defendant was convicted and sentenced to a term of 6 to 20 years imprisonment. Defendant appeals as of right.

The defendant was arrested on May 3, 1978, in Ecorse, Michigan, as he was about to leave the Homespun Restaurant. The proprietor, Mr. Kelly Wright, called the Ecorse Police Department to report a disturbance involving the defendant. The police officer who received the call and the responding officers who reported to the scene testified that the caller indicated the disturbance was narcotics related. Mr. Wright testified that he reported a disturbance of the peace and that he "might have told them that they had some drugs".

Upon arrival of the police, Mr. Wright singled out the defendant whereupon Officer Alvin Demings prevented the defendant from leaving the restaurant, ordered him to a table, and directed him to empty his pockets. The proprietor and several customers were present during this procedure. Four white bundles were thrown to the floor containing 39 packets filled with a substance subsequently analyzed as heroin.

Defendant raises for the first time on appeal the legality of the warrantless search, seizure and arrest. Since an important constitutional issue is raised and the question of the admissibility of the evidence produced by the search is decisive of the outcome of the case, appellate review is appropriate. *People v Merchant,* 86 Mich App 355; 272

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 656 (1978), *People v Hoerl,* 88 Mich App 693; 278 NW2d 721 (1979).

Defendant contends that the warrantless search and seizure and subsequent arrest were invalid for lack of probable cause. Under the facts presented in this case it appears that probable cause existed and the warrantless search was valid. In *People v Frank Smith,* 43 Mich App 400; 204 NW2d 308 (1972), this Court discussed a specific test to be applied in determining the propriety of a warrantless search. The officer must have probable cause to believe that a crime has been committed and probable cause to believe that his search will produce evidence of that crime. Further, the officer must have probable cause to believe that an immediate, warrantless search is necessary in order to (1) protect himself or others, (2) prevent the destruction or loss of evidence or (3) prevent the escape of the accused.

The case at bar fits squarely within the above description and leads to the conclusion that probable cause existed. According to police testimony Mr. Wright reported that drug dealing was transpiring in his establishment and that fact was radio-transmitted to the responding officers. Mr. Wright subsequently identified the defendant as the subject of the call. Consideration may also be given to the information possessed by the officers at the time of the search. *People v White,* 392 Mich 404; 221 NW2d 357 (1974), *People v Ulrich,* 83 Mich App 19; 268 NW2d 269 (1978). Mr. Wright was already known to the police due to the fact that he had reported similar incidents in the past. At the time of the incident reported here, four cases were pending related to similar disturbances at the Homespun Restaurant. The area in general was known to police as a site of substantial drug

trafficking. The defendant himself was a suspected narcotics user, though he had not been previously arrested. Defendant was attempting to flee from the scene at the time he was pointed out to police as the subject of the alleged disturbance.

The officer also had probable cause to believe a warrantless search was necessary in order to prevent the destruction or loss of the evidence or the escape of the accused. Defendant was in the process of exiting from the restaurant with the heroin on his person when the police arrived and detained him.

Defendant's major contention is that the warrantless arrest was invalid in that the requisite probable cause, based on the informant's tip, was lacking. Defendant argues that in order to constitute probable cause for arrest, the evidence obtained from an informant must satisfy the following requirements: (1) the police must have reason to believe the information is reliable, and (2) the police must be informed of the underlying circumstances upon which the informant based his conclusion. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *People v Hoerl, supra.* However, in the instant case, defendant's reliance on the *Aguilar* standards is misplaced. *Aguilar* applies to the unnamed informant, the professional criminal stool pigeon, or the criminally disposed type of informant who are considered inherently unreliable. *People v Emmert,* 76 Mich App 26; 255 NW2d 757 (1977). This Court has held that the *Aguilar* test is inapplicable when, as here, the information is provided by known informants who are ordinary citizens. *People v Rodriguez,* 83 Mich App 606; 269 NW2d 199 (1978), *cf. People v Tooks,* 403 Mich 568; 271 NW2d 503 (1978).

Defendant also argues that the trial court erred

in its decision to admit evidence of two prior convictions of the defendant if he elected to testify. We find no error in the court's application of MRE 609 or the standards set out in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), and *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979).

Lastly, defendant assigns error to the admission of testimony of a prosecution witness that he knew defendant through arrests. No objection was made at trial nor was a cautionary instruction requested. It does not appear that the prosecution intentionally elicited this reference to arrests other than the one involved here. Consequently, in the absence of manifest injustice, appellate review is precluded.

Affirmed.