PEOPLE v DUGAN

Docket No. 50828. Submitted September 3, 1980, at Detroit.—Decided
December 16, 1980. Leave to appeal applied for.

Thomas L. Dugan was convicted in Detroit Recorder's Court,
Samuel C. Gardner, J., of receiving or concealing stolen prop-
erty over the value of $100. The charges arose from the
discovery of a stolen snowblower in defendant's garage. Snow-
blower tracks were followed from the complainant's house to
the rear of the property where defendant lived. The police
officer investigating the theft entered onto the property without
a search warrant. Once on the property, the police officer saw,
in plain view in the garage, a snowblower matching the de-
scription of the stolen snowblower. Upon checking the serial
numbers, the police officer confirmed that the snowblower was
the one reported as stolen. Defendant then appeared and stated
his intention to get "his" snowblower.. The snowblower was
then confiscated and defendant was arrested. Prior to trial, and
again at trial, defendant moved to suppress the evidence,
alleging that the search and seizure of the evidence was uncon-
stitutional. The motion was denied both times. Defendant ap-
peals, alleging that the trial court erred in denying the motions
to suppress. *Held:*

1. The evidence was seized as the result of an illegal search
and should have been suppressed. The trial court's refusal to
suppress the evidence was clearly erroneous.

2. The seizure of the evidence cannot be justified under either
the exigent circumstances exception to the rule that a warrant-
less search and seizure is per se unreasonable unless shown to

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 343.
   29 Am Jur 2d, Evidence § 739.
[2] 4 Am Jur 2d, Appeal and Error § 268.
   5 Am Jur 2d, Appeal and Error §§ 778, 779, 803.
[3] 68 Am Jur 2d, Searches and Seizures § 35 *et seq.*
[4] 68 Am Jur 2d, Searches and Seizures §§ 41-45.
[5, 9, 10] 68 Am Jur 2d, Searches and Seizures § 44.
[6, 7, 9, 10] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
[8] 68 Am Jur 2d, Searches and Seizures §§ 35, 42.

fall within one of the various exceptions to the warrant requirement or under the plain view doctrine as urged by the prosecution as justification for the warrantless search and seizure.

N. J. KAUFMAN, J., concurred, but wrote separately to clarify that, although exigent circumstances and probable cause may have arisen, it was not until after the initial warrantless entry onto the private property in search of the stolen snowblower had occurred and that such exigent circumstances cannot alter the fact that there was initially insufficient cause for the warrantless entry.

Reversed.

BASHARA, P.J., dissented. He would hold that the police officer involved had probable cause prior to entry onto the property and that the defendant's announced intention of going to get his snowblower, then in plain view, gave rise to exigent circumstances justifying the warrantless search and seizure.

## OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — MOTIONS AND ORDERS — MOTION TO SUPPRESS.

A motion to suppress evidence may properly be based on the testimony given at the preliminary examination.

2. APPEAL — CRIMINAL LAW — EVIDENCE — MOTION TO SUPPRESS — CLEAR ERROR.

A trial court's ruling on a motion to suppress will not be disturbed unless clearly erroneous; a finding is clearly erroneous where, although there is evidence to support it, the reviewing court is left with the firm conviction that a mistake has been made.

3. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — REASONABLENESS.

A warrantless search and seizure is per se unreasonable unless shown to fall within one of the various exceptions to the warrant requirement.

4. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — PROBABLE CAUSE — EXIGENT CIRCUMSTANCES.

The "exigent circumstances" exception to the rule that a warrantless search and seizure is per se unreasonable unless shown to fall within one of the various exceptions to the warrant requirement provides that when the police have probable cause to believe that a search of a certain place will produce specific

evidence of a specific crime there is no need for a warrant if the police also have probable cause to believe that an immediate warrantless search is necessary in order to 1) protect the officers or others, 2) prevent the loss or destruction of evidence, or 3) prevent the escape of the accused.

5. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — REASONABLE-NESS — PROBABLE CAUSE.

It is reasonable under the Fourth Amendment to conduct a search and to seize evidence or contraband without a warrant where there is probable cause sufficient to secure a search warrant but circumstances make it impossible to obtain the warrant in time.

6. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — PLAIN VIEW — PROBABLE CAUSE.

Objects within the "plain view" of a police officer, observed from a place where the officer has a lawful right to be, may be legally seized without a warrant so long as the officer has probable cause to believe the objects are evidence or implements of a crime and the discovery is inadvertent; if the discovery is anticipated, the seizure cannot be justified under the plain view doctrine.

7. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — PLAIN VIEW — PROBABLE CAUSE.

The plain view doctrine allows seizures of objects inadvertently observed from a place where a police officer has a lawful right to be so long as the officer has probable cause to believe the objects are evidence or implements of a crime because, as a matter of Fourth Amendment law, no search has taken place where the objects are observed by the police from a place in which they have the right to be.

8. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — PROBABLE CAUSE.

Probable cause, no matter how strong, does not alone justify a warrantless intrusion onto private property.

CONCURRENCE BY N. J. KAUFMAN, J.

9. SEARCHES AND SEIZURES — PROBABLE CAUSE — EXIGENT CIRCUM-STANCES — INITIAL ILLEGALITY.

*A warrantless search by a police officer, made without probable cause or exigent circumstances, is an illegal search and cannot be transformed into a lawful search by the subsequent arising of probable cause and exigent circumstances.*

DISSENT BY BASHARA, P.J.

10. SEARCHES AND SEIZURES — WARRANTLESS SEARCH — PROBABLE
   CAUSE — EXIGENT CIRCUMSTANCES — PLAIN VIEW.
   *A warrantless search and seizure of an allegedly stolen snow-
   blower was justified on the grounds of exigent circumstances
   and plain view where a police officer, clearly with probable
   cause, proceeded onto private property where a snowblower
   matching the description given by the complainant was spotted
   in plain view and logic dictated that, had the officer not
   confiscated the snowblower, it would have vanished.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Anne B. Wetherholt,*
Assistant Prosecuting Attorney, for the people.

*George C. Dovas,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and
R. M. MAHER, JJ.

R. M. MAHER, J. Defendant was convicted, after
a jury trial, of receiving or concealing stolen prop-
erty over the value of $100. MCL 750.535; MSA
28.803. He was sentenced to a prison term of from
1 to 5 years, and appeals by right.

Defendant raises four issues on appeal, one of
which requires reversal. Prior to trial, defendant
brought a motion to suppress evidence of the
snowblower which was the subject of his troubles
with the law. The motion alleged that the snow-
blower was seized pursuant to a warrantless entry
into his garage. The motion was denied. Defendant
renewed his motion on the first day of trial, just
before the start of the voir dire, but the motion
was again denied. Although the record on appeal
does not contain the transcript of the suppression
hearing, a motion to suppress may properly be

based on the testimony given at the preliminary examination. See *People v Charles D Walker,* 385 Mich 565, 573; 189 NW2d 234 (1971), *People v Williams,* 368 Mich 494, 499-500; 118 NW2d 391 (1962), *cert den* 373 US 909; 83 S Ct 1297; 10 L Ed 2d 411 (1963), *People v Kaigler,* 368 Mich 281, 297-299; 118 NW2d 406 (1962). A trial court's ruling on a motion to suppress will not be disturbed unless clearly erroneous. *People v Grimmett,* 97 Mich App 212; 293 NW2d 768 (1980). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the firm conviction that a mistake was made. *People v Goss,* 89 Mich App 598, 601; 280 NW2d 608 (1979).

In the instant case, Officer Gregory Thompson testified that on the morning of January 29, 1978, he contacted Mr. Charles DeBruyne who reported that a snowblower had been taken from his garage. Mr. DeBruyne reported further that he had followed a set of snowblower tracks from his garage, through an alley, to the rear of a house on East Outer Drive. Officer Thompson testified that he then followed the tracks and an accompanying set of footprints to the rear of the house he had been told about, at which point the tracks and footprints continued through a hole in the fence at the rear of the house and into the garage. Officer Thompson then testified that he walked around to the front of the house where he observed a set of footprints leading from the garage to the front door. He then entered onto the property and went to the open garage where he observed a snowblower that matched the description given by Mr. DeBruyne. On checking further, he verified that the serial number on the snowblower matched the serial number given by Mr. DeBruyne. The officer testified that he then returned to the front of the

house where he radioed for his sergeant. Shortly thereafter, the defendant exited from the front of the house, at which time Officer Thompson asked the defendant to stop and told the defendant that he wanted to talk to him. The defendant replied that if the officer did not have a search warrant he should stay off the property and then headed toward the garage. Officer Thompson again entered onto the property, following the defendant and ordering him to stop. Officer Thompson asked the defendant where he was going, to which the defendant replied that he was going to the garage to get his snowblower. Officer Thompson then stepped between the defendant and the snowblower. The defendant on several occasions demanded that the officer leave the property unless he had a warrant and the officer replied several times that he did not need a warrant because he had probable cause and was protecting a crime scene. Defendant then went into the house and returned with another young man, who the officer estimated to be between 15 and 17 years of age. Defendant then stated that they were going into the garage but Officer Thompson would not allow them to touch the snowblower. The officer had radioed for assistance, which arrived shortly. These officers stayed in the garage while Officer Thompson went to the front of the house to speak with his sergeant, who had also arrived. The sergeant then spoke with the defendant's mother and Officer Thompson loaded the snowblower into a scout car. The defendant was subsequently arrested and charged with receiving or concealing stolen property over the value of $100.

It is uncontested that there was no search warrant in the instant case. Both the Michigan and United States Constitutions protect against unrea-

sonable searches and seizures, Const 1963, art 1, § 11, US Const, Am IV, and it has been held that a warrantless search and seizure is per se unreasonable unless shown to fall within one of the various exceptions to the warrant requirement. *People v Whalen,* 390 Mich 672, 677; 213 NW2d 116 (1973). On appeal, the prosecution seeks to justify the search of defendant's garage and the subsequent seizure of the snowblower on the basis of the "exigent circumstances" exception and under the "plain view" doctrine.

The "exigent circumstances" exception provides that when the police have probable cause to believe that a search of a certain place will produce specific evidence of that crime (the foundation requirements for issuance of a search warrant), there is no need for a warrant if the police also have probable cause to believe that an immediate warrantless search is necessary in order to (1) protect the officers or others, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the accused. *People v Harris,* 95 Mich App 507, 510; 291 NW2d 97 (1980). See *United States v Chadwick,* 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977), *People v Plantefaber,* 91 Mich App 764, 770; 283 NW2d 846 (1979). The rationale of the exception is clear; when the police have the probable cause necessary to secure a warrant, but circumstances make it impossible for them to obtain the warrant in time, then it is "reasonable" under the Fourth Amendment to conduct a search and to seize evidence or contraband. See *United States v Guidry,* 534 F2d 1220, 1222-1223 (CA 6, 1976).

In addition to the exceptions to the Fourth Amendment's warrant requirement, it has often been held that objects within the "plain view" of a police officer, observed from a place where the

officer has a lawful right to be, may be legally
seized so long as the officer has probable cause to
believe the objects are evidence or implements of a
crime. *People v Young,* 89 Mich App 753, 757-758;
282 NW2d 211 (1979), *lv den* 407 Mich 877 (1979),
*cert den* 445 US 927; 100 S Ct 1313; 63 L Ed 2d
760 (1980). See *Coolidge v New Hampshire,* 403 US
443, 464-473; 91 S Ct 2022; 29 L Ed 2d 564 (1971).
To come within the plain view doctrine, the discov-
ery must also be inadvertent. If the discovery is
anticipated the seizure cannot be justified under
the plain view doctrine. *Coolidge, supra,* 470-471,
*People v Heard,* 65 Mich App 494, 498-499; 237
NW2d 525 (1975), *lv den* 396 Mich 827 (1976). The
plain view doctrine allows such seizures because,
as a matter of Fourth Amendment law, no
"search" has taken place when the objects are
observed by the police from a place in which they
have the right to be. *People v Ridgeway,* 74 Mich
App 306, 311; 253 NW2d 743 (1977), *lv den* 401
Mich 831 (1977).

Under the facts and circumstances of the instant
case neither exigent circumstances nor plain view
can be used to justify the search of defendant's
garage and the subsequent seizure of the snow-
blower. When Officer Thompson arrived at the
rear of defendant's property he undoubtedly had
probable cause to believe that a crime had been
committed and that the snowblower, the evidence
of the crime, could be found on defendant's prop-
erty. At this juncture he should have sought a
search warrant for the premises. The prosecution
argues, however, that exigent circumstances arose
when the defendant exited from his house and
headed for the garage. This argument ignores the
fact that at the time defendant headed for the
garage Officer Thompson had already entered onto

the property and conducted a search of the garage. There were no exigent circumstances at the time this search was conducted and the subsequent exigency may well have been the product of the first illegal entry. Probable cause, no matter how strong, does not alone justify a warrantless intrusion onto private property. If the officer had at the outset requested a search warrant and remained outside the property until it arrived a warrantless search might then have been justified by exigent circumstances if defendant attempted to remove the snowblower. Because no such exigency existed at the time of the search in the instant case, however, the search and subsequent seizure of the snowblower cannot be justified on these grounds.[1]

The prosecution's alternative basis for seeking to uphold the search and seizure, the plain view doctrine, is also inapplicable under the facts and

[1] To the extent that both the dissenting and concurring opinions suggest that exigent circumstances arose from the mere fact that the object to be seized was a snowblower, they are in error. The Supreme Court has held that a motor vehicle, stopped on a highway, may present the police with exigent circumstances to search the vehicle because of the inherently mobile nature of such a vehicle. See *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925). The so-called "automobile exception" (actually one form of "exigent circumstances") is in fact a rather limited rule and has no application in a setting such as that before us now. Indeed, the exception has been held inapplicable to a car parked in a private driveway when there was no indication that the car was about to be moved. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971). *Coolidge* instructs that the critical factor in cases such as this is *not* the ease with which the evidence may be removed. If that were the case a warrant would almost never be required since narcotics, stolen jewelry, weapons, and most other items which would conceivably be the object of a search are as capable of being easily removed as a snowblower could ever be. See *Coolidge, supra,* footnote 18. The key is instead whether an actual attempt to remove the evidence is made. At the time of the search in the instant case no such attempt had been made, and, accordingly, no exigency yet existed. The exigency which ultimately arose in the instant case more than likely resulted from the illegal search. The subsequent exigency does not, therefore, render the original illegal search lawful.

circumstances of the instant case. Although Officer Thompson clearly had probable cause to believe the snowblower was evidence of a crime, at the time he observed the snowblower he was not legally in a place he had a right to be. Defendant had a reasonable expectation of privacy in the land surrounding his house and in his garage, and, accordingly, was entitled to be free from unreasonable governmental intrusion into these areas. *United States v Dionisio,* 410 US 1, 8; 93 S Ct 764; 35 L Ed 2d 67 (1973), *Whalen, supra,* 677. There was no testimony to indicate that the snowblower could be seen from outside of defendant's property. In the absence of a warrant, consent, exigent circumstances, or some other circumstance rendering the intrusion reasonable, the officer was not entitled to be where he was when the snowblower was discovered. Alternatively, the discovery of the snowblower cannot be considered inadvertent. It is clear that when Officer Thompson arrived at the East Outer Drive address he was looking for the missing snowblower and that when he entered onto the defendant's lands he anticipated finding the snowblower in the garage to which the tracks led. Accordingly, seizure of the snowblower cannot be justified on the basis of the plain view doctrine.

Because we are left with a definite and firm conviction that a mistake was made, we find the trial court's refusal to suppress the evidence clearly erroneous. Because the evidence was seized as the result of an illegal search, the evidence should have been suppressed. *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961), *People v White,* 392 Mich 404, 411; 221 NW2d 357 (1974), *cert den* 420 US 912; 95 S Ct 835; 42 L Ed 2d 843 (1975).

Reversed.

N. J. KAUFMAN, J. *(concurring)*. I am concurring separately, because I want to stress that I am not giving lip service to anything but what I deem to be the law. The dissenting opinion bases part of its conclusion on the fact that the serial numbers on the allegedly stolen snowblower were the same numbers reported by complainant. This is true; however, the dissent does not discuss the fact that the police officer entered the garage for the purpose of checking this serial number. It is this part of the search which provided the officer with most of his probable cause. I do not know a great deal about snowblowers, but I assume that they all look pretty much alike. I do agree with Judge BASHARA that once the police saw the identity of the numbers, exigent circumstances existed. However, this does not alter my conclusion that there was initially insufficient probable cause for the search. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963).

BASHARA, P.J. *(dissenting)*. I respectfully dissent. The facts, even as set forth in the majority opinion, leave me with the firm conclusion that exigent circumstances existed. The complaining witness and a police officer appeared at the edge of defendant's property, following snowblower tracks leading from complainant's property to defendant's. Once there, clearly with probable cause, the officer proceeded onto defendant's property where the snowblower, which matched the description given by the complainant, was spotted in plain view in defendant's garage.

To say that the police officer must retreat and obtain a warrant flies in the face of reason. A snowblower is capable of being easily removed. It

matched the description and serial numbers given by the complainant. When the defendant indicated that he was going to get *his* snowblower, logic dictates that had the officer not confiscated the snowblower, it would surely have vanished. I would affirm on that ground alone.

However, the majority is careful to indicate that a trial court's ruling on a motion to suppress evidence will not be overturned unless clearly erroneous, citing *Grimmitt, supra.* At the least, the question is close. In overruling the holding of both the magistrate and the trial court, the majority is giving lip service rather than substance to the long-established rule.

I would affirm the defendant's conviction.