PEOPLE v REED

Docket No. 53219. Submitted October 8, 1981, at Grand Rapids.—
    Decided January 8, 1982.

    David J. Reed was charged with and convicted of first-degree
    murder following a jury trial in Kent Circuit Court, George V.
    Boucher, J. Defendant appeals, claiming that the trial court
    erred in denying his motion to suppress evidence. *Held:*

    The entry of a police officer into defendant's apartment,
    while made without first securing a warrant, was justified
    under the reasonable belief that the victim might be in the
    apartment in immediate need of emergency aid. Since the
    entry into the apartment was justified, the seizure of evidence
    observed in plain view during such entry was proper.

    Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — AP-
    PEAL.

    A ruling by a trial court on a motion to suppress evidence will
    not be disturbed by the Court of Appeals unless clearly errone-
    ous; a ruling is clearly erroneous where, although there is
    evidence to support the ruling, the reviewing court is firmly
    convinced that a mistake has been made.

2. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW.

    Entries and searches made without a warrant are not constitu-
    tionally barred where a prompt entry and search is felt to be
    needed by the reasonable belief that there is a person within a
    residence in need of immediate aid (US Const, Am IV; Const
    1963, art 1, § 11).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 268.
    5 Am Jur 2d, Appeal and Error § 774.
    21A Am Jur 2d, Criminal Law § 785.
[2] 68 Am Jur 2d, Searches and Seizures § 56.

Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, on March 7, 1980. He now appeals by right.

On October 23, 1979, defendant entered the apartment of Francis Allen Schultz to settle a dispute. Defendant apparently intended to stab Schultz, but, unable to do so, instead unleashed a shotgun blast at him at the close range of two to six feet.

Arriving home from work the same afternoon, one of the victim's roommates discovered that the victim was gone and his stereo missing. Six hours later, after discovering blood and human flesh in the bathroom and four bloody towels in the bathroom wastebasket, the victim's roommates summoned the police. After arriving on the scene, officer Ratliff of the Grand Rapids Police Department was informed by the victim's roommates that the tenant upstairs carried a sawed-off shotgun. The officer then went upstairs and observed bloodstains smeared along the baseboard at the top of the stairwell and on defendant's apartment door. Officer Ratliff tried to open the door, but it was locked. A roommate of the victim unsuccessfully attempted to obtain a key from the landlord and then suggested that the officer enter the apartment through a back window. The officer

* Circuit judge, sitting on the Court of Appeals by assignment.

placed a ladder up against the back of the building and entered the apartment without a warrant. Upon entering the apartment, Ratliff discovered the body of Francis Allen Schultz, the victim.

Defendant was apprehended the next morning in Lake County, Michigan, was returned to Grand Rapids and was charged with first-degree murder.

Defendant now contests the trial court's denial of his motion to suppress the evidence produced by the warrantless search. A ruling on a motion to suppress by the trial court will not be disturbed by this Court unless clearly erroneous. *People v Grimmett,* 97 Mich App 212; 293 NW2d 768 (1980). A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made. *People v Goss,* 89 Mich App 598; 280 NW2d 608 (1979).

The general rule under both the Michigan and United States Constitutions is that searches conducted without a warrant (without the prior approval of a judge or magistrate) are unreasonable. US Const, Am IV; Const 1963, art 1, § 11; *Katz v United States,* 389 US 347, 357; 88 S Ct 507; 19 L Ed 2d 576 (1967). Exceptions to the rule are narrowly and carefully drawn, and the burden is on those seeking the exception to show the need for it. *Coolidge v New Hampshire,* 403 US 443, 454-455; 99 S Ct 2022; 29 L Ed 2d 564 (1971), *People v Whalen,* 390 Mich 672, 677; 213 NW2d 116 (1973).

In the instant case, defendant does not dispute the fact that there was probable cause. Also, there is no question as to defendant's standing to challenge the legality of the search. See *People v Mason,* 22 Mich App 595; 178 NW2d 181 (1970). Furthermore, it is uncontested that no search warrant was obtained.

In *People v White*, 392 Mich 404, 410; 221 NW2d 357 (1974), the Court stated:

"To sustain the validity of a warrantless search the burden rests on the people to demonstrate the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirement."

In *People v Dugan*, 102 Mich App 497, 503; 302 NW2d 209 (1980), we set forth the proper standards to be used in applying the exigent circumstances exception:

"[W]hen the police have probable cause to believe that a search of a certain place will produce specific evidence of that crime (the foundation requirements for issuance of a search warrant), there is no need for a warrant if the police also have probable cause to believe that an immediate warrantless search is necessary in order to (1) protect the officers or others, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the accused. *People v Harris*, 95 Mich App 507, 510; 291 NW2d 97 (1980). See *United States v Chadwick*, 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977), *People v Plantefaber*, 91 Mich App 764, 770; 283 NW2d 846 (1979)."

The prosecution contends in this case that the search was justified by an emergency, because the shooting victim could have been alive and critically in need of medical treatment. In *Mincey v Arizona*, 437 US 385, 392; 98 S Ct 2408; 57 L Ed 2d 290 (1978), the Court held:

"We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries

and searches when they reasonably believe that a person within is in need of immediate aid. Similarly, when the police come upon the scene of a homicide they may make a prompt warrantless search of the area to see if there are other victims or if a killer is still on the premises." (Footnotes omitted.)

According to *Wayne v United States,* 115 US App DC 234; 318 F2d 205, 209 (1963), when police officers reasonably believe that a need to protect life or property requires immediate action, they may act on that belief even if it ultimately is found to be erroneous. In upholding a warrantless entry, the *Wayne* court stated:

"No one seeking entry 'knew' as a fact that [the victim] was dead and no one had a right to assume it was a 'body', rather than a dying or unconscious person, as the police thought."

It is clear that the police may seize any evidence that is in plain view during the course of their emergency activities. *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978). However, in order for the plain view exception to be applicable, the officer must have been rightfully in the position from which evidence was visible in plain view, the officer must have had prior justification for the intrusion, and the discovery must have been inadvertent. *Coolidge v New Hampshire, supra, People v Johnson,* 104 Mich App 629, 634-635; 305 NW2d 560 (1981), *People v Dugan, supra.*

Officer Ratliff testified at the suppression hearing that he entered the apartment because he felt that "someone had been seriously injured, or something".

The circuit court ruled that the police were relieved from the warrant requirement due to the

emergency situation, and cited *People v White,
supra.* The circuit court felt that officer Ratliff had
reasonably concluded that an injured person might
well be in need of immediate aid. We have re-
viewed the trial court's findings meticulously but
are unable to conclude that the denial of defen-
dant's motion to suppress was clearly erroneous.

Affirmed.