PEOPLE v UNITED STATES CURRENCY

Docket No. 78300. Submitted October 2, 1985, at Detroit.—Decided January 21, 1986.

Officers of the Detroit Police Department arrested two individuals for breaking and entering a building. One of the officers entered the building immediately after the arrest. He observed no damage in the building but saw betting slips and other gambling paraphernalia. A subsequent search with a warrant yielded $207.41 in U.S. currency, assorted gambling paraphernalia and other equipment. The people petitioned the Wayne Circuit Court for forfeiture of the items seized. The Wayne Circuit Court, Richard D. Dunn, J., granted the petition for forfeiture. Respondent appealed raising several issues. *Held:*

1. The police officers properly entered the building, within a reasonable time following the apparent breaking and entering, to secure the premises against further intrusion and to determine if the burglars set a fire or planted an explosive in order to prevent further property damage. The initial intrusion by the officers was therefore justified. The circuit court did not err in finding the initial entry was valid.

2. The circuit court's finding that the computer equipment was subject to forfeiture was not clearly erroneous.

3. Other issues raised by respondent did not merit reversal.

Affirmed.

---

REFERENCES

Am Jur 2d, Appeal and Error §§ 80 *et seq., 839.*

Am Jur 2d, Gambling §§ 174 *et seq.*

Am Jur 2d, Searches and Seizures §§ 44, 45, 94, 113.

Delay between seizure of personal property by federal government and institution of proceedings for forfeiture thereof as violative of Fifth Amendment due process requirements. 69 ALR Fed 373.

Forfeiture of money to state or local authorities based on its association with or proximity to other contraband. 38 ALR4th 496.

Modern status of rule as to validity of nonconsensual search and seizure made without warrant after lawful arrest as affected by lapse of time between, or difference in places of, arrest and search. 19 ALR3d 727.

Constitutionality of statutes providing for destruction of gambling devices. 14 ALR3d 366.

1. EVIDENCE — APPEAL.

   The Court of Appeals will not disturb a trial court's ruling on a motion to suppress evidence unless such ruling is found to be clearly erroneous.

2. APPEAL — CLEAR ERROR.

   A trial court's finding is "clearly erroneous" where, although there is evidence to support the finding, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been made.

3. SEARCHES AND SEIZURES — PLAIN VIEW DOCTRINE.

   A police officer, in order to apply the plain view doctrine to justify a seizure of evidence without a warrant, must have been rightfully in a position where the evidence was plainly visible, must have had prior justification for his intrusion, and must have discovered the evidence inadvertently.

4. SEARCHES AND SEIZURES — PROBABLE CAUSE — EXIGENT CIRCUMSTANCES.

   The rule that a search and seizure without a warrant is per se unreasonable unless shown to fall within one of the various exceptions to the warrant requirement provides an "exigent circumstances" exception that when the police have probable cause to believe that a search of a certain place will produce specific evidence of a specific crime there is no need for a warrant if the police also have probable cause to believe that an immediate search is necessary in order to 1) protect the officers or others, 2) prevent the loss or destruction of evidence or 3) prevent the escape of the accused.

5. SEARCHES AND SEIZURES — EXIGENT CIRCUMSTANCES — BREAKING AND ENTERING.

   If a police officer has probable cause to believe that a breaking and entering has been committed, he may enter the building within a reasonable time following the breaking and entering to (1) secure the premises against further intrusion, (2) determine if the burglars set a fire, planted an explosive, etc., such that immediate action to prevent further property damage or personal injury is necessary or (3) aid a victim in the building who may be injured or restrained.

6. APPEAL — BENCH TRIAL — FINDINGS OF FACT — COURT RULES.

   Findings of fact in a bench trial will not be disturbed on appeal unless the findings are clearly erroneous (MCR 2.613[C].

7. Gaming — Seizure of Gambling Paraphernalia.
  Any items used to promote gambling in a gambling place may be seized and ordered destroyed (MCL 750.308, 750.308a; MSA 28.540, 28.540[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for petitioner.

*James C. Thomas, P.C.* (by *Jamie Ann Thomas),* and *Barry Resnick,* for respondent.

Before: D. E. Holbrook, Jr., and R. B. Burns and D. B. Glaser,* JJ.

R. B. Burns, J. This appeal concerns the seizure of respondent's property by the Detroit Police Department. Petitioners brought a petition for forfeiture under MCL 750.308; MSA 28.540 and MCL 750.308a; MSA 28.540(1).

Detroit police officer Joseph Monacelli testified that he and his partner, Thomas McFarland, were on routine patrol the morning of March 27, 1984, in the area of 19617 Van Dyke in the City of Detroit. Monacelli noticed a black Oldsmobile parked near the location and observed the passenger, a Mr. Czerwinski, get out of the car and walk toward the building at 19617 Van Dyke. The officers observed Czerwinski and the automobile leave the scene and twice return.

After the final return, Monacelli observed Czerwinski enter the building and come out 10 minutes later, carrying nothing in his hands. The officers arrested Czerwinski and the driver for breaking and entering. Monacelli then entered the premises to determine if there was any damage. He ob-

* Circuit judge, sitting on the Court of Appeals by assignment.

served no damage in the building but saw betting slips and other items of gambling paraphernalia.

A search warrant was subsequently obtained and members of the Detroit Police Department seized the items in question pursuant to the search warrant. Officer Elaine Kapelanski testified that she was a member of the crew that executed the warrant and that, while doing so, the telephones were constantly ringing. She answered one of the calls and received betting requests from the caller. She also testified that once, when she was standing by the front door, an envelope containing additional bet requests and money was dropped in the mail slot.

Respondent first argues that the officers' initial entry into the building without a warrant was invalid and that the seized property was improperly admitted into evidence.

Appellate review of grants or denials of motions to suppress evidence is made on the "clearly erroneous" standard. *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983); *People v Jackson,* 123 Mich App 423; 332 NW2d 564 (1983). A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made. *People v Goss,* 89 Mich App 598; 280 NW2d 608 (1979).

US Const, Am IV protects against unreasonable searches and seizures. Generally, searches without a warrant are held unreasonable. Nonetheless, an exception to the warrant requirement occurs when the search and seizure is of items in plain view. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). The "plain view" doctrine applies when an officer is rightfully in a position where the evidence is plainly visible. The initial intrusion must be justified, and discovery of the evidence must be inadvertent. *Coolidge v New Hampshire,* 403 US

443; 91 S Ct 2022; 29 L Ed 2d 564 (1971); *People v Harden,* 54 Mich App 353; 220 NW2d 785 (1974).

We must determine whether there were sufficient "exigent circumstances" to warrant the officers' presence inside the building. Respondent correctly states that *People v Dugan,* 102 Mich App 497, 503; 302 NW2d 209 (1980), establishes three kinds of probable cause in exigent circumstance cases that permit a search without a warrant:

"The 'exigent circumstances' exception provides that when the police have probable cause to believe that a search of a certain place will produce specific evidence of that crime (the foundation requirements for issuance of a search warrant), there is no need for a warrant if the police also have probable cause to believe that an immediate warrantless search is necessary in order to (1) protect the officers or others, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the accused. *People v Harris,* 95 Mich App 507, 510; 291 NW2d 97 (1980). See *United States v Chadwick,* 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977), *People v Plantefaber,* 91 Mich App 764, 770; 283 NW2d 846 (1979)."

Furthermore, our research, although not yielding a case with the same set of facts as the case at bar, indicates that there is a clearly established rule that public safety officials may enter a building without a warrant in order to protect persons or property, or to determine if there is a person in the premises in need of assistance. *Michigan v Clifford,* 464 US 287; 104 S Ct 641; 78 L Ed 2d 477 (1984); *Michign v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978); *People v Reed,* 112 Mich App 693; 317 NW2d 228 (1982).

In *Tyler,* the Court established a rule concerning entry into a building following a fire to investigate the fire:

"In summation, we hold that an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches." 436 US 511.

A different situation was presented to this Court in *Reed*. In that case, the police were summoned to an apartment after a tenant discovered his roommate and stereo missing, and blood, human flesh, and bloody towels in the bathroom. The police found blood in the stairwell and on the door leading to the defendant's upstairs apartment. The police entered the apartment without a warrant and discovered the victim's body. This Court affirmed the circuit court's ruling that the entry without a warrant was allowable since the officer could reasonably conclude that there was an injured person in the defendant's apartment in need of immediate aid.

After considering these cases, we believe that the appropriate rule to apply to the instant case is that, in addition to the factors stated in *Dugan, supra,* a police officer may enter a building within a reasonable time following a breaking and entering in order to (1) secure the premises against further instrusion, (2) determine if the burglars set a fire, planted an explosive, etc., such that immediate action to prevent further property damage or personal injury is necessary, or (3) aid a victim in the building who may be injured or restrained.

There was a need to secure the premises. As discussed above, such a motive is a permissible reason to make an entry into a building without a warrant.

Another reason for the entry, given by Officer Stefanko, was that they would also check to deter-

mine if the perpetrators had placed a bomb or the like in the premises. This, of course, would necessitate checking every room. Furthermore, it is not entirely out of the realm of possibility since Czerwinski had not removed any property from the building. Thus, it would be reasonable for the officers to conclude that Czerwinski had gained entry for some illicit purpose other than theft. We conclude that it establishes a sufficient reason to justify the intrusion. Under the circumstances of this case, we are not left with the firm conclusion that a mistake has been made. The decision of the trial court finding the initial entry valid is affirmed.

Respondent also argues that the trial court erred in ordering the forfeiture of the computer equipment, which had not been removed from the packing boxes. Respondent's theory is that the computer equipment belonged to the son of the owner of the premises and was merely being stored inside the building. Respondent contends that it was not shown that the computer equipment was connected to the gambling operation.

The trial court made a finding of fact that the computer equipment was subject to forfeiture. Findings of fact in a bench trial will not be disturbed on appeal unless clearly erroneous. MCR 2.613(C), formerly GCR 1963, 517.1; *McRaild v Shepard Lincoln Mercury, Inc,* 141 Mich App 406; 367 NW2d 404 (1985).

MCL 750.308; MSA 28.540 authorizes a police officer:

"to take into his custody all the implements, apparatus or material of gaming as aforesaid, including any articles, equipment, furniture, loud speakers and amplifying apparatus, adding machines, calculators, money changers and boxes and money found therein or in or

on gambling apparatus, or material used in connection with or the promotion of gambling or a gambling place."

MCL 750.308a; MSA 28.540(1) provides for the disposition of seized property.

We noted the broad applicability of these sections in *Michigan ex rel Comm'r of State Police v One Helix Game,* 122 Mich App 148, 155; 333 NW2d 24 (1982):

"The broad provisions in these sections allow for much more than the destruction of only games of pure chance. Any items used to promote gambling or a gambling place may be seized and ordered destroyed."

After having reviewed the trial transcript, we cannot conclude that the trial court was clearly erroneous in finding that the property was subject to forfeiture.

We have considered respondent's remaining issues and conclude that they do not merit reversal.

The decision of the trial court is affirmed. Costs to appellee.